■ BACHE & Co., INCORPORATED, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant.—Judgment, Supreme Court, New York County, entered November 20, 1973, in plaintiff's favor in the sum of $50,055.02 pursuant to an order granting plaintiff's motion for summary judgment, unanimously modified, on the law, to provide for damages reflecting the amount of invoiced merchandise, to wit, $25,171.03, less $1,000 deductible rather than the cash value thereof, and as thus modified, affirmed, with $60 costs and disbursements to defendant-appellant. Plaintiff recovered a judgment against defendant's insured, a trucking company, for loss of goods in transit, in the amount of $39,450.33, representing the reasonable market value of the goods lost in the sum of $35,364.25 plus interest and costs in the sum of $4,086.08. This judgment was entered on January 29, 1970. Defendant tendered $24,171.03, it appears, on February 2, 1970, which it claims is the limit of its liability under the policy of insurance issued by it to the trucking company. This tender was rejected by plaintiff, who asserts a claim for the amount of the judgment recovered by it against defendant's insured. Condition 8 of the policy provides in pertinent part as follows: "VALUATIONS All shipments for which the insured's legal liability is insured hereunder, are by agreement valued at the amount of invoice or if not under invoice then at cash market value on date and place of shipment. The company's liability shall in no event exceed what it would then cost to repair or replace the property lost or damaged with other of like kind and quality". The invoice covering the lost shipment shows that plaintiff invoiced the goods at a value of $25,171.03. Trial Term in granting plaintiff's motion for summary judgment, concluded that "Defendant cannot, as a matter of law, raise the issue of damages in this action, since it stands in the position of its insured, who did not successfully raise that issue in the action against him". However, the liability of defendant is predicated on the contractual relationship between it and its insured as delineated in the insurance policy. Under the terms of that policy, the amount of the invoice less the $1,000 deductible, sets the limit of defendant's liability. It is the plaintiff, not the carrier who, in effect, stands in the shoes of the insured. Pursuant to section 167 of the Insurance Law, the judgment creditor's right to collect under the policy of insurance is no greater than that of the insured *(Devitt v Continental Cas. Co.,* 269 NY 474, 479–480; *Fox v Employers' Liab. Assur. Corp.,* 243 App Div 325). Recognition that the insured would remain liable to the plaintiff for the difference between invoice price and market value, may not serve to warrant rewriting the contract of insurance under claim of interpretation. The agreement is unambiguous. Defendant is not required to pay the full amount of the judgment obtained by the plaintiff against its insured, the trucking company, but only such amount as is attributable to the invoice value of the merchandise, plus costs and interest (See *Spadaro v Newark Ins. Co.,* 21 AD2d 226, 230 affd 15 NY2d 1000). There is no showing on the present record and defendant does not advance the contention that its tender of February 2, 1970 was kept good. Rather, defendant after issue was joined in this action, chose to avail itself of the remedy delineated in CPLR 3221 by serving an offer to

compromise dated November 21, 1972. However, this offer to compromise does not include "costs then accrued" to the date of the offer as required by CPLR 3221. Consequently, it appears that defendant has failed to effect stopping of the running of interest and accruing costs. Settle order on notice. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.