■ In the Matter of the Liquidation of NASSAU INSURANCE COMPANY. SUZELLEN BERGEN et al., Respondents; SUPERINTENDENT OF INSURANCE, as Liquidator of Nassau Insurance Company, Appellant.—Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered on or about July 6, 1989, *inter alia,* (1) denying a motion by respondent Superintendent of Insurance of the State of New York (Superintendent), pursuant to CPLR 4403, for confirmation of a Referee's report which found that the insured's homeowner's policy did not provide coverage for damages incurred by claimants at the hands of the insured and recommended that the Superintendent's disallowance of said claims be sustained; and (2) granting claimants' cross motion to disaffirm the Referee's report, is unanimously reversed, on the law and the facts, and the Referee's report is confirmed, without costs.

Claimant Suzellen Bergen and claimant Marie Palmiotto, as executrix of the estate of Ann Messineo, instituted the instant proceedings challenging denial by the Superintendent, as liquidator of Nassau Insurance Company (Nassau), of recovery under a homeowner's insurance policy issued by Nassau to Walter Shapiro (Shapiro) and his wife.

On July 6, 1982, during the term of the policy, Shapiro fatally shot his neighbor, Ann Messineo, and wounded Suzellen Bergen. Shapiro was indicted for murder in the second degree (Penal Law § 125.25 [1] [a]), attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1] [a]) and two counts of criminal possession of a firearm (Penal Law art 265). Following a nonjury trial he was convicted of manslaughter in the first degree (Penal Law § 125.20 [2]), attempted manslaughter in the first degree (Penal Law §§ 110.00, 125.20 [2]) and of the related weapons charges.

---

Following Shapiro's conviction claimant Bergen successfully moved in the civil action, pending in Supreme Court, Kings County, for summary judgment as to liability against Shapiro. The Appellate Division, Second Department, affirmed. *(Bergen v Shapiro,* 129 AD2d 669 [1987].)* Thereafter, Bergen, Palmiotto and the Shapiros entered into a stipulation as to damages.

The instant proceeding, to determine whether the policy provides indemnification coverage to Walter Shapiro for his liability for damages incurred by claimants, followed. (Insurance Law § 3420.) On January 26, 1989, a court-appointed Referee issued a report recommending that the Superintendent's disallowance of the Bergen and Palmiotto claims, under the Shapiros' policy with Nassau, be sustained and the claims dismissed. The Superintendent then moved to confirm and claimants cross-moved to disaffirm the Referee's report.

The doctrine of collateral estoppel permits Shapiro's criminal conviction to conclusively determine liability in the civil action. *(Gilberg v Barbieri,* 53 NY2d 285, 291-292 [1981].)* Thus, claimants, who have obtained a judgment as to liability and judicial stipulation as to damages, stand in the shoes of the insured and may recover under the policy only to the extent that the insured would be entitled to indemnification coverage. *(Wenig v Glens Falls Indem. Co.,* 294 NY 195, 198-199 [1945]; *Bache & Co. v Liberty Mut. Ins. Co.,* 47 AD2d 885 [1st Dept 1975]; Insurance Law § 3420 [b] [1].)

The comprehensive personal liability policy issued to the Shapiros provided for indemnification by Nassau for damages due to bodily injury or property damage caused by an "occurrence" for which the insured shall become legally obligated. The term "occurrence" is defined by the policy as: "an accident * * * which results in bodily injury or property damage neither expected nor *intended* from the standpoint of the insured." (Emphasis added.) The policy provides the following "exclusions": "This coverage does not apply to injury or destruction * * * (b) caused intentionally by any insured over twelve years old".

At his criminal trial Shapiro raised the defense of "extreme emotional disturbance" in mitigation. (Penal Law § 125.25 [1] [a].) The trier of fact accepted this defense and found him guilty of manslaughter and attempted manslaughter in the first degree (Penal Law §§ 110.00, 125.20 [2]). These crimes, like murder and attempted murder in the second degree (Penal Law § 125.25 [1] [a]), require "intent" to cause the death of another person.

Penal Law § 125.20 (2) defines manslaughter in the first degree as follows: "A person is guilty of manslaughter in the first degree when * * * [w]ith *intent* to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance * * *. The fact that homicide was committed under the influence of extreme emotional disturbance constitutes a mitigating circumstance reducing murder to manslaughter in the first degree and need not be proved in any prosecution initiated under this subdivision". (Emphasis added.)

Since Shapiro's convictions of first degree manslaughter and attempted manslaughter necessitated judicial findings of intentional conduct by Walter Shapiro, recovery by claimants under the insurance policy is barred. Concur—Kupferman, J. P., Milonas, Wallach and Smith, JJ.