■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Respondent, v JOHN SCIRICA, Appellant.—In a proceeding pursuant to CPLR 7503 to stay the arbitration of an underinsured motorist claim, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), dated December 1, 1989, which, upon granting the petitioner's motion for reargument, granted the application for a permanent stay of arbitration.

Ordered that the order and judgment is affirmed, with costs.

On December, 15, 1986, the appellant, John Scirica, was involved in a two-car accident while driving his employer's car. The petitioner, Aetna Casualty & Surety Company (hereinafter Aetna), was the insurer of the employer's car. The appellant filed a claim with Aetna under the underinsured motorist provisions of the policy and subsequently moved to compel arbitration. Aetna then commenced the instant proceeding to stay arbitration on the grounds, *inter alia,* that the appellant had failed to document or prove whether he had been paid any moneys by the driver of the other vehicle, the responsible tortfeasor, and failed to supply information indicating the amount of coverage afforded by the other driver's policy. Thereafter, it became apparent that the appellant had settled his claim against the other driver without Aetna's consent in violation of the terms of the policy and to the prejudice of Aetna's subrogation rights. Accordingly, the Supreme Court properly determined that the appellant was precluded from asserting his underinsured motorist claim *(see, State Farm Mut. Auto. Ins. Co. v Taglianetti,* 122 AD2d 40; *Weinberg v Transamerica Ins. Co.,* 62 NY2d 379).

The appellant's contention that Aetna should be estopped from asserting this defense on the ground that it never

informed him of its disclaimer in writing *(see,* Insurance Law § 3420 [d]), is unpreserved for appellate review since it is only raised for the first time on appeal. In any event, we find that Aetna's papers in support of its application to stay arbitration, specifically its reply affirmation, clearly informed the appellant in writing, of its disclaimer of liability, thus complying with the statutory requirement. In view of the circumstances giving rise to the disclosure of the appellant's settlement with the other driver, it cannot be said that Aetna's actions constituted a waiver of its right to disclaim liability. As soon as Aetna was made aware of sufficient facts to support a disclaimer it disclaimed coverage *(see, Schiff Assocs. v Flack,* 51 NY2d 692; *cf., Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364).

We have reviewed the appellant's other claim and find it to be without merit. Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.