■ In the Matter of STATE FARM MUTUAL INSURANCE COMPANY, Appellant, v JOAN DEL PIZZO, Respondent.—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Morrison, J.), dated June 21, 1990, which denied the application.

Ordered that the order is affirmed, with costs.

On September 16, 1988, the respondent, while riding as a passenger in a car insured by the petitioner, was involved in an accident with a vehicle owned and operated by Joan R. Donnelly. As a result of the accident, the respondent sustained bodily injuries. On October 16, 1989, the respondent's attorney wrote to the petitioner's claim representative to advise that the respondent intended to settle her claim with the insurance carrier of the Donnelly vehicle. Enclosed with this letter was a copy of the release which the respondent intended to sign as part of the settlement. The last sentence of

the last paragraph of this release contained the following language: "it is understood this release solely discharges only the undersigned's rights and causes of action and is not to release or infringe on the subrogation or other rights of any other person or company". The respondent's accompanying letter, *inter alia,* stated: "Your subrogated rights are protected with the addition of the last paragraph [of the release]. If your company feels additional language is necessary, please advise as soon as possible". The petitioner made no response to this letter. Thereafter, the respondent settled her claim. with the insurer of the Donnelly vehicle for the policy limit of $50,000. On or about February 7, 1990, the respondent served the petitioner with a demand for arbitration of the underinsured motorist provision of her automobile policy. In a letter dated February 8, 1990, the petitioner denied underinsurance benefits, *inter alia,* stating: "It is of our opinion that [the release] does not sufficiently safeguard State Farm Subrogation rights, and was signed in violation of the State Farm Policy of Insurance".

Insurance Law § 3420 (a) (4) requires written notice of disclaimer to be given "as soon as [is] reasonably possible" after the insurer learns of the accident or of grounds for disclaimer of liability or denial of coverage *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547). It is well settled that if this provision applies, it is the insurer's burden to explain its delay in notifying the insured of its disclaimer or denial of coverage *(see, Zappone v Home Ins. Co., supra).* "[The] literal language (of Insurance Law § 3420 [a]) requires prompt notice of disclaimer after decision to do so, and by logical and practical extension, there is [also] imported the obligation to reach the decision to disclaim liability or deny coverage promptly" *(Allstate Ins. Co. v Gross,* 27 NY2d 263, 266).

In view of the fact that the October 16, 1989, letter made the petitioner aware of the respondent's proposed release, the petitioner's failure to respond to this letter may be deemed an acquiescence to the release *(see, Matter of Aetna Cas. & Sur. Co. v Crown,* 181 AD2d 883). As a result, the petitioner waived its right to object to the respondent's settlement with the alleged tortfeasor. Moreover, the unexplained delay of almost four months in denying coverage was unreasonable as a matter of law and, therefore, the petitioner is estopped from denying underinsurance coverage *(see, Hartford Ins. Co. v County of Nassau, supra; Matter of Blee v State Farm Mut.*

*Auto. Ins. Co.,* 168 AD2d 615; *Metropolitan Prop. & Liab. Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 119 AD2d 558).

We have examined the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.