■ ROYAL ZENITH CORPORATION, Appellant, v NEW YORK MARINE MANAGERS, INC., et al., Respondents, et al., Defendant. [596 NYS2d 65] —Order, Supreme Court, New York County (Myriam Altman, J.), entered June 19, 1992, which, *inter alia,* granted the defendant insurers' motion for summary judgment pursuant to CPLR 3212 dismissing the complaint and which denied plaintiff's cross-motion for summary judgment, and the order of the same court and Justice, entered July 8, 1992, which denied plaintiff's motion for, *inter alia,* renewal, unanimously affirmed, without costs.

The IAS Court, properly determined that defendant insurers were not liable under the policy of insurance sued upon for the alleged damages sought by the plaintiff to its printing presses stored at the warehouse of the insured, Willmac Warehouse and Distribution Center, Inc. ("Willmac"), where, as here, the loss in question was specifically excluded from coverage under the policy by the express exclusion for damage to property caused by atmospheric conditions, and where the insured, Willmac, had violated the policy terms and conditions by voluntarily assuming liability by stipulation of settlement without the defendant insurers' written consent.

Plaintiff's action on the unsatisfied judgment against Willmac pursuant to Insurance Law § 3420 was therefore properly dismissed since the plaintiff, as a judgment-creditor, stands in the shoes of the insured and may recover under the policy only to the extent that the insured would be entitled to indemnification coverage (Matter of Nassau Ins. Co. [Bergen— Supt. of Ins.], 161 AD2d 146, 147, affd 78 NY2d 888; Holmes v Allstate Ins. Co., 33 AD2d 96, 98), and since "even in cases of negotiated settlements, there can be no duty to indemnify unless there is first a covered loss" (Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419, 423).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach and Asch, JJ.