■ LEONARD BERNSTEIN et al., Respondents-Appellants, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent. [605 NYS2d 354] —In an action to recover underinsured motorist benefits, (1) the defendant Allstate Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered September 12, 1991, as denied its cross motion for summary judgment dismissing the complaint and (2) the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, the plaintiffs' motion for summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Suffolk County, for an assessment of damages and calculation of interest; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The plaintiff Leonard Bernstein was struck by an automobile while he was a pedestrian, and he and his wife subsequently commenced a personal injury action against the owner of the offending automobile. The plaintiffs were insured by the defendant Allstate Insurance Company (hereinafter Allstate). Correspondence between the plaintiffs' attorney and Allstate while the personal injury action was pending indicated that Allstate was made aware of the amount of the tortfeasor's policy and that the plaintiffs had a potential claim for underinsured benefits under their policy. In February 1989 the plaintiffs informed Allstate that they had settled the personal injury action against the tortfeasor and provided Allstate with a copy of the release. In May 1989 the plaintiffs demanded arbitration of their claim for underinsured motorist benefits under the policy, and, in June 1989 Allstate moved to stay arbitration on the ground that the plaintiffs settled the action without its consent and that the release failed to

protect its subrogation rights. The parties subsequently stipulated under the terms of the policy to resolve the matter in court, rather than in arbitration.

Insurance Law § 3420 (d) requires that written notice of disclaimer to be given as soon as is reasonably possible after the insurer learns of the grounds for disclaimer of liability or denial of coverage *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Assuming, arguendo, that Allstate's motion to stay arbitration in June 1989 served as a notice of disclaimer *(see, e.g., Matter of Aetna Cas. & Sur. Co. v Scirica,* 170 AD2d 448), we conclude that the delay of nearly four months was unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau, supra; Matter of State Farm Mut. Ins. Co. v Del Pizzo,* 185 AD2d 352). Allstate was aware in February 1989 of the grounds for disclaimer of liability and failed to provide an excuse for its delay. Accordingly, Allstate is estopped from denying underinsurance coverage, and the plaintiffs' motion for summary judgment on the issue of liability should have been granted.

The matter is remitted to the Supreme Court for an assessment of damages. The calculation of interest should be made in the trial court *(see,* CPLR 5001). In view of our decision, we do not reach the parties' remaining contentions. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.