■ In the Matter of STATE FARM AUTOMOBILE INSURANCE COMPANY, Respondent, v STEVEN BLANCO, Appellant. [617 NYS2d 898] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the insured appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated April 1,

1993, as, upon reargument and renewal, vacated a prior order of the same court, dated December 10, 1991, directing a hearing, and granted the application.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

On May 31, 1988, a vehicle driven by the appellant Steven Blanco, which was insured by the petitioner State Farm Automobile Insurance Company (hereinafter State Farm), was struck by a car operated by Joseph O'Connor and owned by Joseph Loiso. Loiso's insurance carrier tendered the policy limits in settlement of the appellant's claim against Loiso and O'Connor. The appellant's attorney then wrote to State Farm by letter dated June 10, 1991, stating that the settlement offer "has been accepted, unless we receive objection from [State Farm] within ten days, that is June 20, 1991". The letter did not include a copy of the release that the appellant intended to issue upon acceptance of the offer, which did not reserve State Farm's subrogation rights. State Farm failed to respond to the letter, and the appellant accepted the offer. State Farm subsequently rejected the insured's claim for underinsurance coverage as provided under the terms of the insurance policy, on the ground that he failed to obtain State Farm's written consent to the settlement, as was required by the terms of the policy. The appellant's demand for arbitration of this issue was stayed, and this appeal ensued.

Where an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract and disqualifies the insured from availing himself of the pertinent benefits of the policy (see, Matter of Travelers Indem. Co. [Levy], 195 AD2d 35; Matter of Continental Ins. Co. v Canni, 192 AD2d 651; State Farm Mut. Auto. Ins. Co. v Taglianetti, 122 AD2d 40), unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement (see, Bernstein v Allstate Ins. Co., 199 AD2d 358; Matter of State Farm Mut. Ins. Co. v Del Pizzo, 185 AD2d 352; Matter of Aetna Cas. & Sur. Co. v Crown, 181 AD2d 883).

Under the circumstances of this case, we conclude that the insured failed to demonstrate the existence of a waiver of the policy requirement of prior written consent to any proposed settlement (compare, Bernstein v Allstate Ins. Co., supra;

*Matter of State Farm Mut. Ins. Co. v Del Pizzo, supra,* 185 AD2d 352).

We have considered the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.