■ In the Matter of STATE FARM FIRE AND CASUALTY Co., Respondent, v JOSEPH ZYBURO, Appellant. [626 NYS2d 847] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an underinsured motorist claim, Joseph Zyburo appeals from an order of the Supreme Court, Suffolk County (Stark, J.), entered September 7, 1993, which granted the petition.

Ordered that the order is affirmed, with costs.

The appellant failed to obtain written consent from the

petitioner prior to settling the underlying negligence action with the tortfeasor as required by the policy of insurance, and failed to preserve the petitioner's subrogation rights in executing a release in favor of the tortfeasor. Thus, the appellant is precluded from asserting a claim for benefits under the underinsured motorist provisions of the insurance policy *(see, Matter of Continental Ins. Co. v Canni,* 192 AD2d 651; *Matter of Aetna Cas. & Sur. Co. v Scirica,* 170 AD2d 448; *Matter of State Farm Mut. Ins. Co. v Donath,* 164 AD2d 889). Moreover, the record does not support the appellant's contention that the petitioner should be estopped from denying coverage because it failed to respond to a request for written consent within a reasonable time *(cf., Matter of State Farm Mut. Ins. Co. v Del Pizzo,* 185 AD2d 352; *Matter of Aetna Cas. & Sur. Co. v Crown,* 181 AD2d 883).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.