■ Mary L. Collins, Plaintiff, v Stanley J. Isaksen, Jr., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. Edgemere Agencies Limited, Third-Party Defendant-Respondent; Utica Mutual Insurance Company of Oneida County, Third-Party Defendant-Respondent-Appellant. [633 NYS2d 539] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 4, 1994, as denied the branch of their motion for partial summary judgment which was for a declaration that the third-party defendant Utica Mutual Insurance Company of Oneida County is obligated to indemnify them for any recovery in the main action, and Utica Mutual Insurance Company of Oneida County cross-appeals, as limited by its

brief, from so much of the same order as (1) granted the branch of the motion of the defendants third-party plaintiffs for partial summary judgment which was for a declaration that it was obligated to defend the defendants third-party plaintiffs in the main action, (2) denied its cross motion for summary judgment dismissing the third-party complaint and the cross claims of the plaintiff and the third-party defendant Edgemere Agencies Limited, and (3) denied its separate cross motion for summary judgment on its cross claim against the third-party defendant Edgemere Agencies Limited.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted the branch of the motion of the defendants third-party plaintiffs which was for summary judgment declaring that Utica Mutual Insurance Company of Oneida County was obligated to defend them in the main action and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof which denied the branch of the cross motion of Utica Mutual Insurance Company of Oneida County which was for summary judgment dismissing the cross claim asserted against it by Edgemere Agencies Limited and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to Utica Mutual Insurance Company of Oneida County.

On September 28, 1986, the plaintiff was injured when she fell while riding a horse owned by the defendants third-party plaintiffs (hereinafter the Isaksens). Stanley J. Isaksen, Jr., claims to have orally notified the third-party defendant Edgemere Agencies Limited (hereinafter Edgemere), an agent of Utica Mutual Insurance Company of Oneida County (hereinafter Utica), his insurance carrier, about the accident the following day or shortly thereafter. This notification was allegedly given to the principals of Edgemere, who were also personal friends of Stanley L. Isaksen, Jr., when he visited them at their home.

In January 1989, the plaintiff commenced this action. On or about January 27, 1989, Utica received a copy of the summons and complaint from the Isaksens. By letter dated January 30, 1989, Utica disclaimed coverage based on the Isaksens' failure to give written notice of the accident as soon as practicable, as required by their insurance policy. The Isaksens subsequently commenced a third-party action against both Edgemere and Utica seeking, *inter alia*, a defense and indemnification in the main action. The third-party defendants, in turn, asserted cross claims against one another.

Thereafter, the Isaksens moved for partial summary judgment against Utica contending that they had orally notified Edgemere of the accident in a timely manner and that any delay in providing written notice was excused by their good faith belief in nonliability. Utica cross-moved for summary judgment dismissing the third-party complaint and all cross claims asserted against it. By separate cross motion, Utica also sought summary judgment in its favor on its cross claim against Edgemere. Without stating its reasons, the Supreme Court granted the Isaksens' motion to the extent of directing Utica to defend them in the main action and denied Utica's cross motions.

Even assuming that Isaksen orally notified Edgemere of the accident, such oral notification did not constitute proper notice under the policy *(see, Elkowitz v Farm Family Mut. Ins. Co.,* 180 AD2d 711). Contrary to the Isaksens' contention in their motion papers, the written notice requirement was not waived as there is no evidence that Edgemere, as Utica's agent, signified, by words or conduct, that oral notice would suffice *(see, Weatherwax v Royal Indem. Co.,* 250 NY 281, 286-287; *see also, Bazar v Great Am. Indem. Co.,* 306 NY 481, 489).

Absent a valid excuse, the 28-month delay in providing notice was unreasonable *(see, Elkowitz v Farm Family Mut. Ins. Co., supra,* at 712). An insured's delay, however, may be excused when it is based upon a good faith belief in nonliability if such belief is reasonable under all the circumstances *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441; *Argentina v Otsego Mut. Fire Ins. Co.,* 207 AD2d 816, *affd* 86 NY2d 748). In this case, there is an issue of fact as to whether the Isaksens had such a reasonable good faith belief *(see, Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, 503). Therefore, the Isaksens were not entitled to partial summary judgment and the Supreme Court erred in directing Utica to defend them in the main action, but properly denied that branch of their motion which sought a declaration that Utica was obligated to indemnify them and the branch of Utica's cross motion which was for summary judgment dismissing the third-party complaint as against it.

Turning to the cross claims, Utica is entitled to summary judgment dismissing Edgemere's cross claim. Under the facts of this case, there is no basis upon which Edgemere could recover against Utica. Utica, however, has failed to establish, as a matter of law, that it is entitled to summary judgment on its cross claim against Edgemere.

We do not reach the issue of whether any alleged cross claims

of the plaintiff should have been dismissed as the record is incomplete in that regard. The record does not include a pleading in which the plaintiff interposed cross claims against Utica. Thus, there is no indication that any such claims were ever asserted. Further, the assertion of a cross claim by a plaintiff against a third-party defendant is not authorized *(see,* CPLR 3019 [b]). Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.