In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v ANGELO PALERMO, Appellant. [641 NYS2d 51] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the insured appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 7, 1994, which granted the application.

Ordered that the order is affirmed, with costs.

The appellant, who was insured by the petitioner, was involved in an automobile accident with another vehicle. The appellant settled with the liability insurance carrier of the driver of the other vehicle without the permission of the petitioner, and thus forfeited his eligibility for underinsured motorist benefits pursuant to the terms of his policy (*see, Matter of State Farm Auto. Ins. Co. v Blanco,* 208 AD2d 933).

We find no competent evidence in the record to support the appellant's contention that the petitioner knew of his execu-

tion of a general release in favor of the driver of the other vehicle several months prior to its commencement of this proceeding and inexcusably failed to promptly give a written notice of disclaimer (*cf., Bernstein v Allstate Ins. Co.,* 199 AD2d 358). The appellant's failure to obtain the petitioner's consent prior to his settlement with the driver of the other vehicle warrants the granting of the petitioner's application to permanently stay arbitration (*see, Matter of Allstate Ins. Co. v Bruzzano,* 212 AD2d 528; *Matter of State Farm Auto. Ins. Co. v Blanco, supra; Matter of Travelers Indem. Co. [Levy],* 195 AD2d 35; *Matter of State Farm Mut. Ins. Co. v Donath,* 164 AD2d 889). Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.