(February 17, 1998)

■ AETNA CASUALTY & SURETY COMPANY, Respondent, v LONGO PRODUCTION, INC., et al., Defendants, and TOYS R US, INC., Appellant. [669 NYS2d 336] —In an action for a judgment declaring, *inter alia*, that the plaintiff is not obligated to indemnify its insured, the defendant Toys R Us, Inc., in an action against it in the State of Georgia, the defendant Toys R Us, Inc., appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated December 4, 1996, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to indemnify its insured in the underlying action pending in the State of Georgia.

The appellant insured, Toys R Us, Inc., a defendant in the underlying negligence action, did not obtain the consent of its insurer, the plaintiff Aetna Casualty & Surety Company (hereinafter Aetna), prior to settling that action, as required by the policy of insurance. The appellant also failed to preserve Aetna's subrogation rights when it executed an unlimited and unreserved release in favor of the plaintiff, its codefendants, and its primary insurer in the underlying negligence action. The appellant also failed to show that Aetna was not prejudiced thereby. Under these circumstances, the Supreme Court properly granted Aetna's motion for summary judgment (*see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379; *Matter of State Farm Fire & Cas. Co. v Zyburo,* 215 AD2d 566; *Royal Zenith Corp. v New York Mar. Mgrs.,* 192 AD2d 390; *Matter of Aetna Cas. & Sur. Co. v Scirica,* 170 AD2d 448).

In light of our determination, we need not reach the appellant's remaining contentions. Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.