■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, and MICHAEL CAVANAGH, Appellant. [697 NYS2d 193] —Crew III, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered September 8, 1998 in Otsego County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.

In November 1995 respondent, who allegedly sustained certain injuries in a motor vehicle accident in August 1995, advised petitioner of his intention to make a claim under the supplementary uninsured/underinsured motorist coverage (hereinafter SUM) portion of the policy issued by petitioner to respondent's mother. Petitioner responded by forwarding a claim form to respondent's counsel and referring counsel to paragraph No. 9 of the SUM endorsement requiring the

exhaustion of all available policy limits before such coverage would be triggered. Thereafter, in February 1998, respondent settled with the carrier who insured Edward Butler, the owner of the vehicle in question, for the limit of the underlying policy—$25,000.* Respondent's SUM claim subsequently was denied, however, based upon respondent's failure to, *inter alia,* obtain petitioner's consent prior to settling with Butler.

Thereafter, in April 1998, respondent served petitioner with a demand for arbitration, and petitioner commenced this proceeding pursuant to CPLR 7503 seeking to permanently stay such arbitration based upon respondent's failure to comply with the conditions precedent set forth in the policy at issue. Respondent's subsequent motion for a change of venue was denied and petitioner's application to permanently stay arbitration was granted, prompting this appeal.

Initially, we reject respondent's contention that Supreme Court abused its discretion in denying the requested change of venue. Where, as here, the insurance agreement itself is silent as to venue, a special proceeding to stay arbitration is to be brought "in a court in the county in which one of the parties resides or is doing business" (CPLR 7502 [a]). As petitioner's principal place of business is Otsego County (*see,* CPLR 503 [c]), we cannot say that such is not the appropriate venue for the instant proceeding to stay arbitration (*see, Matter of Solkav Solartechnik [Besicorp Group],* 227 AD2d 94, 99, *revd on other grounds* 91 NY2d 482).

Nor are we persuaded that Supreme Court erred in granting petitioner's application to permanently stay arbitration between the parties. It is undisputed that respondent did not obtain petitioner's written consent prior to settling with Butler's carrier, which the subject insurance policy clearly required respondent to do, and the case law on this point is quite clear. "Where an automobile insurance policy expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract and disqualifies the insured from availing himself of the pertinent benefits of the policy * * * unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement" (*Matter of State Farm Auto. Ins. Co. v Blanco,* 208 AD2d 933, 934, *lv denied* 85 NY2d 802 [citations omitted]). Respondent, although

---

* The driver of the vehicle, Joshua Hinkley, apparently was uninsured.

acknowledging the requirements imposed by the underlying policy, asserts that petitioner's November 17, 1995 letter to respondent's counsel operated as an express waiver of all conditions precedent to coverage except the exhaustion requirement set forth in paragraph No. 9 of the SUM endorsement or, at the very least, lulled respondent into believing that his "SUM claim would be honored if prior available policies were offered in full". We find this argument to be unpersuasive.

Even a cursory review of the November 17, 1995 letter, which acknowledged receipt of counsel's letter, advised counsel of the liability examiner who would be processing respondent's claim and sought verification of the available policy limits relative to Butler and Hinkley, together with confirmation that such limits had been offered in settlement, reveals that such correspondence was introductory in nature. Although the letter indeed concluded by asking that counsel inform petitioner if respondent's claim was settled for less than the available policy limits, in which case, pursuant to paragraph No. 9 of the SUM endorsement, no SUM coverage would be available, such letter did not evidence petitioner's waiver of any and all other conditions precedent to coverage, nor did it imply that petitioner would honor respondent's SUM claim once confirmation of the amount offered in settlement was received. In short, the record as a whole simply fails to provide support for respondent's waiver and/or estoppel claims, and in view of respondent's failure to obtain petitioner's written consent prior to settling with Butler's carrier, we find that Supreme Court properly granted petitioner's application to permanently stay arbitration between the parties. Respondent's remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.