■ In the Matter of the Arbitration between TRANSPORTATION INSURANCE COMPANY, Appellant, and FRANK PECORARO, Respondent. [705 NYS2d 155] —Order unanimously reversed on the law without costs and application granted. Memorandum: Supreme Court erred in denying the application seeking a permanent stay of arbitration of respondent's underinsurance motorist claim. Respondent settled his personal injury action against the tortfeasor and tendered a general release without petitioner's consent in violation of the express terms of the policy. The "failure of [respondent] to obtain such prior consent

from [petitioner] constitutes a breach of a condition of the insurance contract and disqualifies [respondent] from availing himself of the pertinent benefits of the policy" (*Matter of State Farm Auto. Ins. Co. v Blanco*, 208 AD2d 933, 934, *lv denied* 85 NY2d 802; *see, Matter of State Farm Mut. Auto. Ins. Co. v Hardina*, 225 AD2d 486).

Respondent contends that he was authorized to act without petitioner's consent because petitioner failed to take any action within 30 days of respondent's letter dated July 8, 1996. We reject respondent's contention that the letter satisfied the notice of settlement requirement of the policy. Although the letter advised petitioner of respondent's intention to make an underinsurance claim, it did not "apprise petitioner of the pendency and settlement of the action" (*Matter of Nationwide Mut. Ins. Co. [Tarsia]*, 265 AD2d 936, *lv denied* 94 NY2d 757). We also reject respondent's contention that subsequent oral communications constituted proper notice under the policy (*see, Elkowitz v Farm Family Mut. Ins. Co.*, 180 AD2d 711; 70A NY Jur 2d, Insurance, § 1872). In addition, petitioner did not waive the written notice requirement by words or conduct indicating that oral notice would suffice (*see, Collins v Isaksen*, 221 AD2d 403), nor did petitioner repudiate coverage as in *Matter of State Farm Mut. Auto. Ins. Co. (Callisto)* (255 AD2d 876). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Arbitration.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.