■ In the Matter of Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and SONJA LIBERATI et al., Respondents. [720 NYS2d 681] —Order unanimously reversed on the law without costs and petition granted. Memorandum: On March 3, 1999, Sonja Liberati (respondent) sustained injuries while a passenger in a vehicle owned by her and driven by her husband, respondent Frank Liberati. Respondents commenced an action against Roxanne E. Feltham, the driver of the other vehicle involved in the collision, seeking damages for the injuries sustained by respondent; respondent husband asserted a derivative claim. Feltham was insured under a policy issued by American Commercial Insurance Co. (American Commercial). By letter dated October 6, 1999, American Commercial offered to settle the action for $25,000, the limit of Feltham's policy. By letter dated October 7, 1999, respondents' attorney wrote to petitioner, Allstate Insurance Co. (Allstate), which insured respondent's vehicle, requesting its consent to settle the action. Before obtaining consent from Allstate, and before the expiration of the 30-day period within which Allstate had the right to consent or advance such settlement amount to the insured, respondent executed a general release. Respondents' attorney sent the release to American Commercial on October 20, 1999, and American Commercial immediately forwarded a check for $25,000. Respondents' attorney cashed the check and placed the proceeds in an account in respondent's name, but did not distribute the funds to her during the 30-day period. By letter dated October 27, 1999, Allstate disclaimed underinsurance coverage on the ground that respondent had settled the action without Allstate's consent. Respondents demanded arbitration, and petitioner commenced this proceeding seeking a permanent stay of the arbitration. The court denied the petition, concluding that Allstate had failed to establish that its subrogation rights were prejudiced by the settlement. That was error.

By settling the action and tendering a general release without obtaining the consent of Allstate, respondent breached a condition of the policy. Thus, she is disqualified from availing herself of the underinsurance provisions of the policy in the absence of the insurer's waiver of the requirement of consent or acquiescence in the settlement (*see, Matter of Transportation Ins. Co. [Pecoraro]*, 270 AD2d 851, 851-852; *Matter of New York Cent. Mut. Fire Ins. Co. [Cavanagh]*, 265 AD2d 787, 788, *lv denied* 94 NY2d 760). In addition, respondents failed to establish that, despite the general release, the parties intended to reserve Allstate's subrogation rights against Feltham. "In effecting a settlement of personal injury claims against a third-

party tort-feasor arising out of a motor vehicle accident, an insured will be held to have prejudiced the subrogation rights of his insurer unless he establishes by express provision in the release executed to the third party or by necessary implication arising from the circumstances of the execution of the release that the settling parties reserved the rights of the insurer against the third-party tort-feasor or otherwise limited the extent of their settlement to achieve that result" (*Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 381-382). In fact, in responding to the request of respondents' attorney to rescind the settlement until after he obtained Allstate's consent, American Commercial indicated that it intended to rely on the release, which prevented Allstate from pursuing any further claims against Feltham (*cf., Matter of United States Fid. & Guar. Co. v Mitchell*, 168 AD2d 941, 942). Thus, respondents failed to establish that the subrogation rights of Allstate were not prejudiced by the settlement of the action without its consent (*see, Aetna Cas. & Sur. Co. v Longo Prod.*, 247 AD2d 497, *lv denied* 92 NY2d 802). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Arbitration.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.