■ New York Central Mutual Fire Insurance Company, Appellant-Respondent, v Maureen Danaher, Respondent-Appellant. [736 NYS2d 195] —Lahtinen, J. Cross appeals from an order of the Supreme Court (Meddaugh, J.), entered December

22, 2000 in Sullivan County, which, inter alia, denied plaintiff's motion for summary judgment.

Defendant was severely injured in an August 1998 head-on collision when she was struck by a vehicle owned and operated by Grace Dunn while operating a vehicle owned by Edward Jacobs and insured by plaintiff. In January 1999, defendant served plaintiff with a notice of intention to make a claim under the supplementary uninsured motorist (hereinafter SUM) coverage portion of the liability insurance policy it issued to Jacobs. Defendant's counsel alleges that he thereafter kept "regular and ongoing contact and communication" with plaintiff concerning the settlement negotiations with Dunn's liability carrier. In June 1999, defendant settled her claim against Dunn for $100,000, the policy limit of Dunn's liability coverage. The general release[1] executed in favor of Dunn did not preserve by express limitation plaintiff's subrogation rights.

When defendant notified plaintiff of the settlement, plaintiff promptly disclaimed all SUM coverage because its prior written consent to the settlement was not obtained as required by the policy.[2] Plaintiff then commenced this action by summary judgment in lieu of complaint pursuant to CPLR 3213[3] seeking to affirm its disclaimer of coverage. Defendant argued that plaintiff has not shown that it was prejudiced by her settlement with Dunn and that plaintiff waived the requirement of consent by its express conduct. Supreme Court rejected defendant's argument that plaintiff must demonstrate that it was prejudiced by defendant's settlement with Dunn in order to assert noncompliance with the policy provision requiring its prior written consent as a condition precedent to underinsured motorist coverage, but found a question of fact "whether the plaintiff, by its conduct, waived the issue of consent," prompting appeals from both parties.

By breaching condition 10 of the SUM coverage portion of the subject insurance policy, defendant is disqualified from

---

1. The general release is not part of the record on appeal, but there is no dispute that the release did not provide for a reservation of plaintiff's subrogation rights.

2. Condition 10 of the SUM endorsement provides, in pertinent part, as follows: "An insured shall not otherwise settle with any negligent party, without our written consent, such that our rights would be impaired."

3. After the matter was transferred from Westchester County to Sullivan County, Supreme Court determined that the action was inappropriate for treatment under CPLR 3213 and it therefore denied the motion on that basis. Instead of dismissing the action, however, the court proceeded to decide the merits of plaintiff's summary judgment motion since the issues had been fully submitted by the parties.

availing herself of the benefits of the underinsured coverage provided under that policy unless she can demonstrate that plaintiff, by its conduct, waived the requirement of consent or acquiesced in the settlement (*see, Matter of Allstate Ins. Co. [Liberati]*, 280 AD2d 922; *Matter of New York Cent. Mut. Fire Ins. Co. [Cavanagh]*, 265 AD2d 787, 788, *lv denied* 94 NY2d 760). Initially, we disagree with Supreme Court that defendant's submissions raised a question of fact whether plaintiff, by its conduct, waived the issue of consent. The fact that defense counsel's repeated telephonic requests for a copy of Jacob's insurance policy, made prior to the Dunn settlement, went unanswered, and plaintiff's knowledge that defendant had asserted a claim under the SUM provision of Jacob's policy do not, in our opinion, raise a question of fact as to plaintiff's waiver of condition 10 of the SUM endorsement (*see, Matter of New York Cent. Mut. Fire Ins. Co. [Cavanagh]*, *supra*, at 789). Nor do we agree that *LeCorre v Bijesse Belford Dolewski & DeMiccio* (269 AD2d 569) relied upon by Supreme Court, is fully on point with the case at bar, since the "policy language of the underinsurance rider" in that case (*id.*, at 571) did not require the insurer's prior written consent[4] to the third-party settlement.

As to defendant's cross appeal, we do agree with Supreme Court that plaintiff "is not required to demonstrate prejudice to assert a defense of non-compliance." We also find defendant's claim, that plaintiff suffered no prejudice as a result of the Dunn settlement because Dunn was judgment proof, insufficient to meet her burden of establishing such claim (*see, Weinberg v Transamerica Ins. Co.*, 62 NY2d 379, 382-383; *Matter of Allstate Ins. Co. [Brown]*, 288 AD2d 955). While Dunn's financial condition may have had an unfavorable impact on any subrogation action, plaintiff's subrogation rights were completely extinguished when defendant signed the unrestricted release in the Dunn action in June 1999.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur.

---

4. The automobile liability policy in *LeCorre* was issued prior to June 17, 1992, the filing date of 11 NYCRR 60-2.3 (f), which requires every SUM endorsement issued in the State to contain, inter alia, the following language:

"CONDITIONS * * *

"10. Release or Advance: * * *

"An insured shall not otherwise settle with any negligent party, without our written consent, such that our rights would be impaired."

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for summary judgment; motion granted and defendant is declared to have no rights to supplementary uninsured motorist coverage under plaintiff's liability insurance policy insuring Edward Jacob's vehicle; and, as so modified, affirmed.