■ In the Matter of DONALD T. AULL, Respondent, v PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant. (Proceeding No. 1.) In the Matter of PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, Appellant, v DONALD T. AULL, Respondent. (Proceeding No. 2.) [751 NYS2d 292] —In two related proceedings pursuant to CPLR 7503, respectively, to compel underinsured motorist arbitration and, inter alia, to permanently stay the arbitration, the appeal, as limited by the brief, is from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated September 21, 2001, as granted the petition to compel the arbitration in Proceeding No. 1 and denied that branch of the petition which was to permanently stay the arbitration in Proceeding No. 2.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 20, 1999, Donald Aull was injured in an automobile accident with a vehicle owned by Jose Tasso and insured by the Allstate Insurance Company (hereinafter Allstate). Aull commenced an action to recover damages for personal injuries against Tasso (the Tasso case). On February 13, 2001, Allstate offered to settle the Tasso case for the full amount of its policy. On March 8, 2001, Aull's insurer, the ap-

pellants (hereinafter Progressive), sent a letter to Aull's attorney consenting to the settlement. On June 25, 2001, Aull brought a petition to compel underinsured motorist benefits arbitration against Progressive. On July 9, 2001, Progressive separately petitioned, inter alia, to permanently stay the arbitration on the ground that Aull failed to supply it with a copy of the summons and complaint in the Tasso case. The Supreme Court granted Aull's petition to compel arbitration and denied that branch of Progressive's petition which was to permanently stay the arbitration. We affirm.

An insurer is required to provide a timely notice of disclaimer of coverage pursuant to Insurance Law § 3420 (d). While Progressive timely moved to stay the arbitration (see CPLR 7503 [c]), this did not obviate its obligation to timely disclaim. Progressive was aware of the ground for its disclaimer at least as early as March 8, 2001, when it consented to the settlement of the Tasso case. Thus, it was obligated to disclaim in writing as soon as was reasonably possible after March 8, 2001, and not simply wait until Aull made a demand for arbitration (see *Bernstein v Allstate Ins. Co.,* 199 AD2d 358). Assuming arguendo that the petition to stay arbitration served as a notice of disclaimer (see e.g. *Matter of Aetna Cas. & Sur. Co. v Scirica,* 170 AD2d 448), it was clearly untimely since the petition was brought on July 9, 2001, or almost four months after Progressive consented to settle the Tasso case (see *Bernstein v Allstate Ins. Co., supra*). "[A] delay of nearly four months [in disclaiming liability] was unreasonable as a matter of law" (*Bernstein v Allstate Ins. Co., supra* at 359, citing *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Matter of State Farm Mut. Ins. Co. v Del Pizzo,* 185 AD2d 352; see also *Matter of Nationwide Ins. Co. v Steiner,* 199 AD2d 507). Therefore, the Supreme Court properly granted Aull's petition to compel underinsured motorist arbitration and denied that branch of Progressive's petition which was to permanently stay the arbitration. Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.