■ In the Matter of Hertz Claim Management Corporation, Respondent, v Andrew P. Kulakowich, Appellant, and Metropolitan Life Insurance Company, Doing Business as

METLIFE AUTO & HOME, Proposed Additional Respondent. [862 NYS2d 93]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration, Andrew P. Kulakowich appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.) entered June 14, 2007, as granted that branch of the petition which was to permanently stay arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is denied.

The Supreme Court erred in granting the petitioner a permanent stay of arbitration on the ground that its insured failed to exhaust the policy limits of the operator of the offending vehicle (*see S'Dao v National Grange Mut. Ins. Co.*, 87 NY2d 853 [1995]). It is undisputed that the petitioner's insured exhausted, through settlement, the bodily injury policy limits under the policy of the owner of the offending vehicle, which was less than the liability coverage provided under the petitioner's policy. The petitioner's insured was not required to exhaust the liability coverage limits under a separate insurance policy of the operator of the offending vehicle prior to pursuing a claim for underinsured motorist benefits from the petitioner (*see Matter of Liberty Mut. Ins. Co. v Doherty*, 13 AD3d 629 [2004]).

Moreover, the petitioner's failure to respond to a letter notifying it of an offer to settle for the policy limits of the owner of the offending vehicle and affording it the opportunity to consent to or reject such offer may be deemed an acquiescence to the offer to settle (*see Matter of State Farm Mut. Ins. Co. v Del Pizzo*, 185 AD2d 352 [1992]). Thus, it was error to permanently stay arbitration based on the failure of the petitioner's insured to obtain the petitioner's consent to that offer to settle, as the petitioner, in effect, acquiesced to it (*see Matter of State Farm Mut. Ins. Co. v Del Pizzo*, 185 AD2d 352 [1992]).

Based on the foregoing, it is unnecessary to reach the

petitioner's remaining contentions. Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.