◼ In the Matter of the Arbitration between State Farm Mutual Automobile Insurance Company, Respondent, and Michael Perez, Appellant. [942 NYS2d 688]—

Spain, J. Appeal from a judgment of the Supreme Court (Nolan Jr., J.), entered June 8, 2011 in Saratoga County, which granted petitioner's application pursuant to CPLR 7503 to permanently stay arbitration between the parties.

While insured by petitioner under a supplementary uninsured/underinsured (hereinafter SUM) policy in the amount of $100,000 per person, respondent was injured in a rear-end motor vehicle collision. The alleged tortfeasor maintained an insur-

ance policy that provided liability coverage in the amount of $25,000. Respondent sent two letters to petitioner, the first notifying it of his intent to commence a negligence action against the tortfeasor and the potential for a SUM claim, and the second, dated May 28, 2010, stating that he and the tortfeasor agreed to a binding arbitration proceeding. Respondent was awarded $50,000 through arbitration. Shortly thereafter, respondent executed a general release with the tortfeasor in the amount of $25,000 and later notified petitioner of the arbitration award and filed a request for a SUM claim.

Petitioner denied the SUM claim on the grounds that it did not receive a written notice of an intention to settle or a request for its consent to settle with the tortfeasor, which was in violation of conditions 10 and 13 of the parties' SUM policy. Respondent then filed a request for SUM arbitration and, in response, petitioner sought a permanent stay of the arbitration pursuant to CPLR 7503. Supreme Court granted petitioner's application and respondent now appeals. We affirm.

Where an insurance policy " 'expressly requires the insurer's prior consent to any settlement by the insured with a tortfeasor, failure of the insured to obtain such prior consent from the insurer constitutes a breach of a condition of the insurance contract and disqualifies the insured from availing himself of the pertinent benefits of the policy . . . unless the insured can demonstrate that the insurer, either by its conduct, silence, or unreasonable delay, waived the requirement of consent or acquiesced in the settlement' " (*Matter of New York Cent. Mut. Fire Ins. Co. [Cavanagh]*, 265 AD2d 787, 788 [1999], *lv denied* 94 NY2d 760 [2000], quoting *Matter of State Farm Auto. Ins. Co. v Blanco*, 208 AD2d 933, 934 [1994], *lv denied* 85 NY2d 802 [1995]; *see also Matter of Central Mut. Ins. Co. [Bemiss]*, 12 NY3d 648, 658 [2009]). Here, condition 10 of the parties' SUM policy specifically provides that if the insured elects to settle with a tortfeasor involved in a motor vehicle accident, "release may be executed with such party *after thirty calendar days actual written notice to us* . . . An insured shall not otherwise settle with any negligent party, without our written consent, such that our rights would be impaired" (emphasis added).

Respondent does not dispute that he was required to notify petitioner of his intent to settle, but contends that the second letter he sent to petitioner satisfied the written notice requirement or, alternatively, that petitioner acquiesced to the settlement by its silence. The May 28, 2010 letter that respondent relies upon states only that the parties in the tort action have agreed on "binding arbitration, with the defendant's exposure

being limited to the extent of the applicable $25,000 policy." Noticeably absent from respondent's letter is any reference to any intention to settle; the letter expresses only an intent to arbitrate. Accordingly, we agree with Supreme Court that notice was not provided as required by the parties' SUM policy, which impermissibly impaired petitioner's subrogation rights (*see Matter of Central Mut. Ins. Co. [Bemiss]*, 12 NY3d at 659; *State Farm Mut. Auto. Ins. Co. v Taglianetti*, 122 AD2d 40, 40-41 [1986]).

Respondent's reliance on petitioner's delay in responding to the May 28, 2010 letter as a waiver of any objections to the settlement also is unavailing. The cases cited by respondent involve an unreasonable delay after receiving notice of a settlement. As no proper notice was given here, these cases are inapplicable (*see Matter of Hertz Claim Mgt. Corp. v Kulakowich*, 53 AD3d 578, 579 [2008]; *Bernstein v Allstate Ins. Co.*, 199 AD2d 358, 359 [1993]; *Matter of State Farm Mut. Ins. Co. v Del Pizzo*, 185 AD2d 352, 353 [1992]).

Mercure, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with costs.