*850 The petitioner commenced an action to recover damages for personal injuries against the driver of a vehicle that allegedly struck the vehicle she was operating on December 15, 2009. The vehicle operated by the petitioner was insured by the respondent, Progressive Northeastern Insurance Company. On November 2, 2011, the petitioner sent correspondence to the respondent advising it that a high-low arbitration was being offered by the insurer for the alleged tortfeasor, and of a potential claim under the supplementary underinsured motorist (hereinafter SUM) endorsement in the event that the arbitration award exceeded the alleged tortfeasor’s policy limits. The petitioner requested the respondent’s consent to proceed with the arbitration.
In a letter dated January 26, 2012, the respondent declined to consent to the arbitration, and indicated that it would not waive its right to subrogation against the alleged tortfeasor. Thereafter, the petitioner commenced the instant proceeding, and moved to compel the respondent to consent to the high-low arbitration and to direct the respondent to proceed to arbitration of the petitioner’s claim for SUM benefits. The Supreme Court denied the petitioner’s motion.
“As a condition precedent to the obligation of the insurer to pay under the supplementary uninsured/underinsured motorists insurance coverage, the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident shall be exhausted by payment of judgments or settlements” (Insurance Law § 3420 [f] [2] [A]). Contrary to the petitioner’s contention, she failed to establish that she exhausted the alleged tortfeasor’s policy through settlement (see Matter of Garcia v State Farm Ins. Co., 232 AD2d 488, 489 [1996]; cf. Matter of State Farm Mut. Auto. Ins. Co. [Perez], 94 AD3d 1314, 1315-1316 [2012]). Therefore, the Supreme Court properly denied that branch of the petitioner’s motion which was to compel the respondent to proceed to arbitration of the petitioner’s claim for SUM benefits.
The Supreme Court also properly denied that branch of the *851 petitioner’s motion which was to compel the respondent to consent to the high-low arbitration between the petitioner and the alleged tortfeasor’s insurer, as that relief may not be sought in a CPLR article 75 proceeding (see CPLR 7503). Rivera, J.P., Hall, Roman and Miller, JJ., concur.