■ In the Matter of THE TRAVELERS INDEMNITY COMPANY OF AMERICA, Respondent, v OLGA McGLOIN, Appellant. [67 NYS3d 143]—

Order, Supreme Court, New York County (Joan B. Lobis, J.), entered September 22, 2016, which granted petitioner's motion to confirm the report by the Special Referee, and permanently stayed arbitration of respondent's underinsured motorist claim, unanimously affirmed, without costs.

Respondent was injured in an automobile accident while driving a vehicle owned and insured by her employers. Through counsel she notified petitioner, the insurer of the vehicle, of her intent to seek underinsured motorist benefits and she commenced an action against the driver of the other vehicle involved in the crash. She subsequently settled the action against the other driver for the limits of his insurance policy without seeking petitioner's consent. Petitioner disclaimed coverage on the ground of the settlement of the action without its consent, in violation of the Supplementary Uninsured/ Underinsured Motorists (SUM) endorsement of the policy, impaired its right to subrogation.

Respondent's assertion that she could not have been aware of provisions of the policy that were never provided to her is

unavailing. The SUM endorsement is mandated by regulation (*see* 11 NYCRR 60-2.3; *see also New York Cent. Mut. Fire Ins. Co. v Danaher*, 290 AD2d 783 [3d Dept 2002]), and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.1 requires an attorney to possess the requisite legal knowledge and skill reasonably necessary to represent a client. Moreover, at the framed-issue hearing before the Referee on the issue of whether respondent should have had knowledge of such provisions, petitioner's technical specialist who handled the claim testified, inter alia, that on claims he has handled in the past, attorneys would call and seek consent before settling cases at the limits of an adverse driver's insurance policy.

However, respondent's counsel who handled her underinsurance claim and lawsuit against the adverse driver did not testify, despite being present at the hearing. Accordingly, the Referee did not err in drawing an adverse inference against respondent on the factual issue of whether her attorney/agent had actual knowledge of the provisions of the SUM endorsement (*see generally People v Gonzalez*, 68 NY2d 424, 427 [1986]), or in determining that her attorney/agent should have and actually did have such knowledge. Concur—Tom, J.P., Renwick, Gische, Oing and Singh, JJ.