■ Lumbermens Mutual Casualty Company, Respondent, v Natalia Fadeyeva et al., Appellants. [663 NYS2d 177] —Order, Supreme Court, New York County (Louis York, J.), entered October 22, 1996, which granted petitioner's application to stay arbitration of respondents' uninsured motorist claims, unanimously affirmed, without costs.

Arbitration was properly stayed for failure to comply with the requirement of the endorsement that proof of claim be

given as soon as practicable after written request therefor by petitioner. There is nothing vague or ambiguous about this requirement. Nor is there anything to indicate its waiver by petitioner in the letter it wrote to respondents' attorney, two years after its receipt of respondents' notice of claims and numerous requests of their attorney to provide proof of claims, stating that although it had not yet received proof of claims, it would, should respondents pursue the matter, exercise *its* rights under the endorsement to an examination under oath, physical examinations and inspection of the insured vehicle. Respondents' unsworn letter stating that they were applying for no-fault benefits is not compliance with the proof of claim requirement (*Matter of State Farm Ins. Co. v Velasquez*, 211 AD2d 636). Concur—Sullivan, J. P., Milonas, Tom, Mazzarelli and Andrias, JJ.