■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and DONATO M. CALLISTO, Appellant. [680 NYS2d 39] —Order and judgment reversed on the law without costs and application denied. Memorandum: Supreme Court erred in granting petitioner's application to stay arbitration of respondent's underinsured motorist claim. Petitioner waived its right to insist upon prior written notice of respondent's settlement with the tortfeasor. An insurer has an obligation to deal in good faith with its insured (*see, Matter of Aetna Cas. & Sur. Co. v Crown,* 181 AD2d 883, 884) and may not arbitrarily withhold consent and at the same time argue that its insured has not complied with a condition precedent (*see, Matter of Tri-State Consumer Ins. Co. v Hundley,* 208 AD2d 754, 754-755, *lv denied* 85 NY2d 808). Further, an insurer "cannot insist upon cooperation or adherence to the terms of its policy after it has repudiated liability on the claim" (*Rajchandra Corp. v Title Guar. Co.,* 163 AD2d 765, 769).

Here, petitioner denied respondent's claim for underinsurance benefits six days after the accident, and, despite the extensive efforts of respondent's attorney to keep petitioner informed concerning the progress of respondent's action against the tortfeasor and to inform petitioner that respondent intended to pursue his claim for underinsurance benefits, petitioner never retreated from that denial.

The dissent's reliance upon petitioner's September 1996 letter, advising respondent *not to sign any release without notifying petitioner,* is misplaced. A subsequent letter of petitioner again denied respondent's claim, and, following that letter, petitioner no longer responded to any communication from respondent's attorney. Petitioner did not conduct an investigation, demand an examination under oath of its insured as it was entitled to do under the policy, or seek or obtain an independent medical examination. In fact, the only action taken by petitioner was to exercise its right of subrogation against the tortfeasor's insurance carrier to recover the amount for which it reimbursed respondent for property damage, thereby

eliminating any prejudice that might have resulted from respondent's settlement without petitioner's express consent. Petitioner, by its conduct, demonstrated that it was "content to remain on the sidelines and allow the situation to develop without becoming actively involved" (*Rajchandra Corp. v Title Guar. Co., supra,* at 769). In fact, given petitioner's course of conduct here, it is disingenuous for petitioner to argue that it was entitled to prior written notice of respondent's settlement with the tortfeasor.

There is no dispute that underinsurance coverage was triggered, because the $500,000 bodily injury per accident limit of respondent's policy exceeded the $300,000 limit of the tortfeasor's policy (*see, Matter of Mostow v State Farm Ins. Cos.,* 88 NY2d 321). We conclude that the matter should proceed to arbitration, to allow the arbitrator to determine whether and to what extent any underinsurance benefits to which respondent is entitled have been offset by the amount of respondent's settlement with the tortfeasor.

All concur except Hayes and Balio, JJ., who dissent and vote to affirm in the following Memorandum.

Hayes and Balio, JJ. (dissenting). We respectfully dissent and vote to affirm. The insurance policy required respondent to provide petitioner with prior written notice of settlement with a tortfeasor and to obtain its consent to such settlement. It is undisputed that respondent, without notice to petitioner, settled with the tortfeasor and signed a general release, thereby failing to comply with a condition precedent to petitioner's liability under the policy. In our view, petitioner did not waive its right to notice of the settlement. Although petitioner took the position that it had the right to offset the amount received from a tortfeasor from underinsurance benefits provided by the policy, it nevertheless sent respondent a Notice of Underinsured Motorist form for him to complete and submit to petitioner, together with a letter advising respondent not to sign any release without notifying petitioner. We conclude that, by asserting its rights under the policy, petitioner did not waive its right to require compliance with the policy's notice provision (*see, Lumbermens Mut. Cas. Co. v Fadeyeva,* 243 AD2d 368). Furthermore, petitioner was not required to show prejudice before it denied coverage based on respondent's failure to comply with the notice requirement (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440; *State Farm Mut. Auto. Ins. Co. v Romero,* 109 AD2d 786, 788). (Appeal from Order and Judgment of Supreme Court, Erie County, Mahoney, J.—Arbitration.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.