OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed with costs.
In this declaratory judgment action, plaintiff Alexandra Markevics claims that defendant Liberty Mutual Insurance Company must defend and indemnify Kerry O’Brien pursuant to a homeowner’s policy issued to O’Brien’s parents. The carrier disclaimed coverage based on a “business pursuits” exclusion contained in the policy. In the underlying personal injury action, Markevics alleges O’Brien served liquor to a visibly intoxicated Sandro Perez during his birthday party at O’Bie’s Bar in Yonkers. After leaving the bar, Perez drove his automobile into a utility pole, injuring Markevics, who was a passenger in the car.
O’Bie’s Bar was a family enterprise, owned by a closely held corporation and operated by Kerry’s parents. Twenty-one year old Kerry worked there as a bartender and lived at her parents’ home. Liberty Mutual wrote a “deluxe” homeowner’s policy for the O’Briens. In addition to coverage for the “insured premises,” the policy provides personal coverage for liability claims against an insured individual. Under the policy, the carrier agrees to indemnify and defend against any claim for damages caused by an “occurrence” to which coverage applies. Among the exclusions to personal liability coverage are injuries arising out of the business pursuits of the insured. The parties do not dispute that Kerry O’Brien is an insured under the policy.
*648 After commencement of the personal injury action, Kerry’s attorney tendered her defense to Liberty Mutual in a letter dated July 23, 1997. Receiving no response, on September 23, counsel sent a second letter requesting an answer. The carrier disclaimed coverage on November 7, 1997, relying on the policy’s business pursuits exclusion. The company did not, however, send a disclaimer to Markevics or her attorney. Markevics then commenced this action.
In a motion for summary judgment, defendant-carrier argued that the policy expressly excluded Kerry O’Brien’s alleged business pursuits and in the alternative that the policy did not provide personal liability coverage for claims arising away from the O’Brien home. Plaintiff contended that a disclaimer was necessary and that the failure to disclaim by giving written notice directly to Markevics or her attorney violated Insurance Law § 3420 (d).
Supreme Court found that Liberty Mutual’s denial of coverage was “by reason of exclusion” rather than a “lack of inclusion” and, as a result, the failure to comply with Insurance Law § 3420 (d) invalidated the attempted disclaimer (Zappone v Home Ins. Co., 55 NY2d 131, 137). The Appellate Division affirmed, holding that a disclaimer was required and that the attempted disclaimer was both untimely and defective in that it was not sent to the injured party. Two Justices dissented on the ground that O’Brien’s alleged violation of General Obligations Law § 11-101 (The Dram Shop Act) was not an “occurrence” within the meaning of the policy and, as a result, there was no coverage requiring a disclaimer.
On appeal to this Court, Liberty Mutual reiterates that there is no coverage because the claim did not arise on the insured premises and further adopts the Appellate Division dissent’s position that no coverage exists ab initio because Kerry O’Brien’s intentional act of providing alcohol to Perez was not an “occurrence” as defined in the policy. Under the policy, personal liability coverage applies to insured individuals without geographical limitation. Nothing in the terms of personal liability coverage can be read to confine coverage to the O’Brien residence. Additionally, the argument that Kerry O’Brien’s alleged acts are not an “occurrence” was not made below and is not preserved for our review. Therefore we must proceed on the basis that the coverage terms of the policy apply.
A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy (Worcester Ins. Co. v Bettenhauser, 95 NY2d 185). Conversely, a timely disclaimer *649 pursuant to Insurance Law § 3420 (d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion (id., at 188). Because denial of coverage here was based solely on an exclusion, a disclaimer in conformity with Insurance Law § 3420 (d) was required. We agree with the Appellate Division that Liberty Mutual’s attempt to disclaim coverage did not meet these requirements in that the carrier did not give timely written notice of its disclaimer to the injured party. Under these circumstances, summary judgment was properly granted to plaintiff.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
Order affirmed, with costs, in a memorandum.