■ HUMBERTO CAMPOS, Respondent, v DOMINICO SARRO, Defendant and Third-Party Plaintiff-Respondent, and DOMINICO SARRO, Doing Business as SARRO CONSTRUCTION Co., et al., Respondents. NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Third-Party Defendant-Appellant. [767 NYS2d 442] —In an action to recover damages for personal injuries and a third-party action for a judgment declaring that New York Central Mutual Fire Insurance Company is obligated to defend and indemnify Dominico Sarro in the main action, New York Central Mutual Fire Insurance Company appeals from (1) an order of the Supreme Court, Nassau County (Burke, J.), dated October 29, 2002, and (2) an amended order of the same court dated November 25, 2002, which, inter alia, denied its motion for summary judgment and, in effect, upon searching the record, granted summary judgment declaring that it is obligated to defend and indemnify Dominico Sarro in the main action.

Ordered that the appeal from the order dated October 29, 2002, is dismissed, as that order was superseded by the amended order dated November 25, 2002; and it is further,

Ordered that the amended order dated November 25, 2002, is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment in the third-party action declaring that New York Central Mutual fire Insurance Company is obligated to defend and indemnify Dominico Sarro in the main action; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Humberto Campos sustained injuries after falling off a roof while performing renovations at a house owned by Dominico Sarro. Campos commenced this action to recover damages for personal injuries against, among others, Sarro, and Sarro filed a third-party complaint against the New York Central Mutual Fire Insurance Company (hereinafter the insurer), from which he had earlier obtained homeowner's insurance.

Contrary to the insurer's contentions, it was required to timely disclaim coverage based on its argument that Sarro did not reside at the premises where the accident occurred, because that argument was based on a policy exclusion, as opposed to a

lack of inclusion within the policy's coverage (*see Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185 [2000]; *Matter of Continental Cas. Co. v Luhrs,* 299 AD2d 357 [2002]). Moreover, this disclaimer, raised for the first time in the insurer's motion for summary judgment, was untimely as a matter of law.

Similarly, the insurer's additional disclaimer, based on policy exclusions denying coverage for injuries arising in connection with a business engaged in by the insured and injuries to individuals for whom the insured was obligated to procure workers' compensation insurance, also was untimely as a matter of law. The affidavit submitted on behalf of the insurer indicates that it was aware of sufficient facts to disclaim coverage at the time of its June 12, 2000, receipt of a copy of Campos's deposition transcript (*see generally Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547 [1988]). Nonetheless, it waited 39 days after receiving Campos's deposition testimony before issuing the disclaimer, and provided only vague justifications for that delay. Accordingly, the disclaimer was untimely as a matter of law, and the Supreme Court properly granted summary judgment declaring that the insurer was required to defend and indemnify Sarro in the main action (*see Farmers Fire Ins. Co. v Brighton, supra*).

The insurer's remaining contentions are without merit.

We note that since the third-party action is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that New York Central Mutual Fire Insurance Company is obligated to defend and indemnify Dominico Sarro in the main action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.