■ EMMA MOORE et al., Plaintiffs, v ALLEN EWING et al., Defendants. (Action No. 1.) ROSEMARY BRIGGS MOORE, Respondent-Appellant, v NEW YORK CASUALTY INSURANCE COMPANY, Appellant-Respondent. (Action No. 2.) [781 NYS2d 51]—

In an action to recover damages for personal injuries (Action No. 1) and a related action (Action No. 2) for a judgment declaring that New York Casualty Insurance Company is obligated to defend and indemnify Rosemary Briggs Moore in action No. 1, which actions were joined for trial, New York Casualty Insurance Company, the defendant in action No. 2, appeals (1) from an order of the Supreme Court, Dutchess County (Dillon, J.), dated August 28, 2002, which denied its motion for summary judgment and granted the motion of Rosemary Briggs Moore for summary judgment in action No. 2, and (2), by permission, from so much of an amended order of the same court dated June 11, 2003, as, in effect, upon reargument, denied that branch of its motion which was for summary judgment on the issue of whether it is obligated to defend and indemnify Rosemary Briggs Moore on the claims brought against her by the plaintiff Sara Fisher in action No. 1, and granted that branch of the motion of Rosemary Briggs Moore which was for summary judgment on that issue, and Rosemary Briggs Moore (1) cross-appeals, as limited by her brief, from stated portions of the order dated August 28, 2002, and (2) appeals, as limited by her brief, from stated portions of an order of the same court dated October 23, 2002.

Ordered that the appeal by New York Casualty Insurance Company and the cross appeal by Rosemary Briggs Moore from the order dated August 28, 2002, are dismissed, without costs or disbursements, as that order was superseded by the amended order dated June 11, 2003, made, in effect, upon reargument; and it is further,

Ordered that on the Court's own motion, the notice of appeal by Rosemary Briggs Moore from the order dated October 23, 2002, is deemed a premature application for leave to cross-

appeal from so much of the amended order dated June 11, 2003, as, in effect, upon reargument, denied that branch of her motion which was for summary judgment declaring that New York Casualty Insurance Company is obligated to defend and indemnify her for the claims asserted against her on behalf of the plaintiff Emma Moore in action No. 1, and granted that branch of New York Casualty Insurance Company's motion which was for summary judgment on that issue, and the application is granted (see CPLR 5520 [c]; 5701 [c]); and it is further,

Ordered that the amended order is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, that branch of New York Casualty Insurance Company's motion which was for summary judgment declaring that it is not obligated to defend and indemnify Rosemary Briggs Moore for the claims asserted against her in action No. 1 by the plaintiff Sara Fisher individually is granted and that branch of Rosemary Briggs Moore's motion which was for a declaration of coverage for those claims is denied, and that branch of Rosemary Briggs Moore's motion which was for summary judgment declaring that New York Casualty Insurance Company is obligated to defend and indemnify her for the claims asserted against her in action No. 1 on behalf of the plaintiff Emma Moore is granted and that branch of New York Casualty Insurance Company's motion which was for a declaration that it is not obligated to defend and indemnify Rosemary Briggs Moore for such claims is denied, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that New York Casualty Insurance Company is obligated to defend and indemnify Rosemary Briggs Moore in action No. 1 for the claims asserted against her on behalf of the plaintiff Emma Moore, and that New York Casualty Insurance Company is not obligated to defend and indemnify Rosemary Briggs Moore for the claims asserted against her in action No. 1 by Sara Fisher, individually.

On May 7, 2000, 10-year-old Emma Moore (hereinafter Emma) allegedly was bitten by a dog while on the property of her grandmother, Rosemary Briggs Moore (hereinafter Moore). Moore was insured under a homeowners policy (hereinafter the policy) issued by New York Casualty Insurance Company (hereinafter NY Casualty). On or about May 12, 2000, Moore notified NY Casualty about the incident. A claims representative of NY Casualty interviewed Moore by telephone on or about May 18, 2000. NY Casualty received a letter dated May 11, 2000, and stamped "received" on May 22, 2000, from attorneys represent-

ing Emma notifying it of the dog attack on Moore's premises and the claim alleging negligent supervision. By letter dated June 27, 2000, Emma's counsel sent to NY Casualty the police investigation report and copies of medical bills. By letter dated July 7, 2000, NY Casualty disclaimed coverage on the basis that Emma was a resident of Moore's home, which would classify her as an insured under the policy and subject her to coverage exclusions for (1) personal liability for bodily injury to an insured, and (2) medical payments for bodily injury to an insured.

Shortly thereafter, on August 29, 2000, Emma's mother, Sara Fisher (hereinafter Fisher), commenced the underlying personal injury action (hereinafter Action No. 1) on behalf of Emma and individually against Moore and the neighbors who own the dog that bit Emma. NY Casualty first received notice of Fisher's individual claims, which were for loss of services and medical expenses, upon receipt of the summons and complaint. By letter dated September 27, 2000, NY Casualty acknowledged receipt of the summons and complaint and referred Moore to the exclusions regarding bodily injury to an insured and for "medical payments to others."

Moore commenced the declaratory judgment action (hereinafter Action No. 2) against NY Casualty seeking a declaration that NY Casualty is obligated to defend and indemnify her in action No. 1, and NY Casualty counterclaimed for a judgment declaring that Moore is not covered under the policy for the plaintiffs' claims in action No. 1. Moore moved for summary judgment, asserting, inter alia, that NY Casualty's notice of disclaimer was untimely. In opposition, NY Casualty's attorney stated that after the telephone interview with Moore on May 18, 2000, NY Casualty continued to receive information about the underlying incident from Emma's counsel. By amended order dated June 11, 2003, the Supreme Court, inter alia, determined that NY Casualty is not obligated to defend and indemnify Moore for claims asserted on behalf of Emma, but is obligated to defend and indemnify Moore for claims asserted on behalf of Sara Fisher. We disagree.

Pursuant to Insurance Law § 3420 (d), an insurance carrier is required to provide the insured with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion (*see Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646, 648-649 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188-189 [2000]; *Campos v Sarro,* 309 AD2d 888 [2003]) and will be estopped from disclaiming liability or denying coverage if it fails to do so (*see First Fin. Ins. Co. v Jetco Contr. Corp.,*

1 NY3d 64, 68-69 [2003]; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029 [1979]; *Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419, 420 [1994]; *Allstate Ins. Co. v Centennial Ins. Co.,* 187 AD2d 690, 691 [1992]). "[T]imeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp., supra* at 68-69 [internal quotation marks omitted]). The determination of whether a notice of disclaimer is untimely often is a question of fact dependent on all the circumstances of the case (*see First Fin. Ins. Co. v Jetco Contr. Corp., supra* at 70; *Hartford Ins. Co. v County of Nassau, supra* at 1030; *Murphy v Hanover Ins. Co.,* 239 AD2d 323, 324 [1997]). It is the responsibility of the insurer to explain its delay, and an unsatisfactory explanation will render the delay unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp., supra* at 70).

Here, NY Casualty interviewed Moore about the occurrence on May 18, 2000, and received a letter regarding the claim from Emma's attorneys by May 22, 2000. NY Casualty did not send its notice of disclaimer until July 7, 2000, which is approximately 45 days after it had information about the claim. The evidence in the record indicates that NY Casualty had all the information regarding Emma's residence needed to determine her status as an "insured" under the policy by May 22, 2000; additional information provided after that date did not pertain to Emma's residency. Accordingly, NY Casualty's unexplained delay in disclaiming coverage was unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp., supra* at 70) and its disclaimer was untimely as a matter of law. Therefore, NY Casualty is required to defend and indemnify Moore with respect to the claims asserted on behalf of Emma.

There is no evidence in the record, however, that the notice of disclaimer of coverage was untimely with regard to providing a defense and indemnification with respect to Fisher's derivative claims. Accordingly, it is necessary to determine whether the policy exclusions upon which NY Casualty based its disclaimer of coverage apply to Fisher's claims. The Supreme Court determined, as asserted by Moore, that the exclusions for injury to an insured and for medical expenses to a resident are inapplicable to Fisher's claims, presumably because Fisher was not an insured or a resident of Moore's household. We disagree.

Emma, who was a resident of Moore's household when the injury occurred, is an "insured" as defined in the policy. Although Emma allegedly sustained a "bodily injury" as a result

of the dog attack, exclusions for bodily injury to an insured and for medical expenses for bodily injury to regular residents of the household would have precluded coverage for Emma's claims but for the late notice of disclaimer. The issue, therefore, is whether the same exclusions apply to Fisher's derivative claims even though she was not an insured or a resident of the Moore household.

The policy defines "[b]odily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results." The "Liability Coverages" section of the policy includes "Coverage E-Personal Liability," under which NY Casualty will provide a defense and indemnification if "a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' . . . caused by an 'occurrence' to which this coverage applies." Pursuant to exclusion 2.f., the personal liability coverage does not apply to " '[b]odily injury' to you or an 'insured' . . . as defined."

The liability coverages section of the policy also includes coverage F, medical payments to others, which states, in relevant part: "We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing 'bodily injury' . . . This coverage does not apply to you or regular residents of your household except 'resident employees.' " Exclusion 3.d. states that coverage F does not apply to "bodily injury" to "any person, other than a 'residence employee' of an 'insured,' regularly residing on any part of the 'insured location.' "

Moore asserts that these exclusions do not apply to Fisher's claims. To accept this argument, this Court is required to conclude that Fisher's claim for loss of services exists independently of Emma's right to recover for her bodily injuries pursuant to the insurance policy. New York courts, however, consider a parent's claim for loss of services and medical expenses associated with a child's injury to be derivative of the child's claim (*see Maidman v Stagg*, 82 AD2d 299, 301, 303 [1981]; *see also Buckley v National Frgt.*, 220 AD2d 155, 157-158 [1996], *affd* 90 NY2d 210 [1997]). In the context of insurance policy interpretation, New York courts have held that because derivative claims do not constitute an independent bodily injury, a person asserting a derivative claim is not entitled to a separate per person limitation of liability; rather, the derivative claims are included in the per person limitation of liability applicable to the injured individual (*see Champagne v State Farm Mut. Auto. Ins. Co.*, 185 AD2d 835 [1992]; *Redcross v Aetna Cas. & Sur. Co.*, 146 AD2d 125, 126-127 [1989]).

Here, a consistent result under New York law requires that under the policy's definition of "bodily injury," there must first be a covered bodily injury to an injured person before there is coverage for a resulting loss of services claim. This is the conclusion reached by other jurisdictions that have interpreted the same or similar provision that, like New York, consider a parent's claims to be derivative of the child's claims (*see e.g. American Motorists Ins. Co. v Moore*, 970 SW2d 876, 878-879 [Mo 1998]; *Vierkant v AMCO Ins. Co.*, 543 NW2d 117 [Minn 1996]). In contrast, courts in other jurisdictions that consider a parent or spouse's claims to be independent injuries, not derivative, do not require coverage for the physically injured party to find coverage for the parent or spouse's claims (*see e.g. Worcester Ins. Co. v Fells Acres Day School, Inc.*, 408 Mass 393, 413-414, 558 NE2d 958, 971-972 [1990]). Thus, under New York law, the exclusion for bodily injury to Emma, an insured, which would be applicable in this instance but for the late notice of disclaimer, bars Fisher's derivative claim for loss of services. Similarly, the only medical expenses incurred by Fisher were for Emma's injuries. Accordingly, the exclusion for medical expenses for bodily injury to residents of Moore's household applies to Fisher's derivative claim for medical expenses.

The parties' contentions concerning coverage for the Holts's cross claim are improperly raised for the first time on appeal.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for entry of a judgment declaring that NY Casualty is obligated to defend and indemnify Moore in action No. 1 for the claims asserted on behalf of Emma, and that NY Casualty is not obligated to defend and indemnify Moore in action No. 1 for Fisher's derivative claims (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.