■ In the Matter of AMERICAN HOME ASSURANCE COMPANY, Appellant, v JOYCE MANZO, Respondent. NIRAM SERVICE et al., Proposed Additional Respondents. [783 NYS2d 304]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), entered December 22, 2003, which, after a hearing, denied the petition and, in effect, dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

At the time of the accident, the vehicle which collided with the vehicle owned and operated by the respondent Joyce Manzo was insured by the proposed additional respondent Nationwide Mutual Insurance Company (hereinafter Nationwide). Nationwide claimed that the policy was procured by fraud and canceled it after the accident. The effect of such a cancellation was prospective only (*see Matter of Insurance Co. of N. Am. v Kaplun*, 274 AD2d 293, 297-298 [2000]; *Matter of Liberty Mut. Ins. Co. v McClellan*, 127 AD2d 767, 769 [1987]). Nationwide's claim on appeal that noncooperation on the part of the proposed additional respondent Niram Service negated any coverage was not cited in its disclaimer as a ground for disclaiming coverage. Further, Nationwide's disclaimer was untimely as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64

[2003]; *Moore v Ewing,* 9 AD3d 484 [2004]). Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.