■ Linda Banuchis, Respondent, v Government Employees Insurance Co., Appellant, and Nicole Bonica et al., Respondents. [789 NYS2d 221]—

In an action for a judgment declaring that (1) a disclaimer of coverage issued by the defendant Government Employees Insurance Co. is invalid, and (2) the defendant Government Employees Insurance Co. is required to provide excess coverage up to its policy limits for the defendant Nicole Bonica in an action entitled *Banuchis v Bonica,* pending in the Supreme Court, Kings County, under Index No. 44473/00, the defendant Government Employees Insurance Co. appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated January 7, 2004, which denied its motion, in effect, for summary judgment declaring that it is not obligated to defend or indemnify any party in connection with that action.

Ordered that the order is affirmed; and it is further,

Ordered that, upon searching the record (*see* CPLR 3212 [b]), summary judgment is awarded to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the notice of disclaimer issued by the defendant Government Employees Insurance Co. was untimely and invalid, and that the defendant is obligated to provide excess coverage up to its policy limits for the defendant Nicole Bonica in the action entitled *Banuchis v Bonica,* pending in the Supreme Court, Kings County, under Index No. 44473/00; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Contrary to the contentions of the defendant Government Employees Insurance Co. (hereinafter GEICO), service upon its in-house legal staff of a letter notifying it of a potential excess coverage claim was sufficient to constitute notice of the claim (*see generally Price v Lawrence-Van Voast, Inc.,* 58 AD2d 727 [1977]; *see also Vogemann v American Dock & Trust Co.,* 131 App Div 216 [1909], *affd* 198 NY 586 [1910]). It is undisputed that the attorneys so served were employees of GEICO and handled many of the claims submitted to it. Additionally, the GEICO policy at issue failed to prescribe any specific manner of notification of a claim or to designate a particular individual or department to which such notice should be directed. Thus, a general authority on the part of the attorney-employee to receive notice on behalf of GEICO in the ordinary course of their employment may be inferred (*see generally Rendeiro v State-Wide Ins. Co.,* 8 AD3d 253 [2004]). Moreover, the record demonstrates that the 62-day delay between notification of the claim and GEICO's notice of disclaimer based on lack of timely notification was unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64 [2003]; *Uptown Whole Foods v Liberty Mut. Fire Ins. Co.,* 302 AD2d 592 [2003]; *Matter of Colonial Penn Ins. Co. v Pevzner,* 266 AD2d 391 [1999]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507 [1993]). Accordingly, the Supreme Court properly denied GEICO's motion for summary judgment. Additionally, upon searching the record (*see* CPLR 3212 [b]), summary judgment is granted in favor of the plaintiff awarding her the declaratory relief requested in her complaint. S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.