■ REPUBLIC FRANKLIN INSURANCE COMPANY, Appellant, v MICHAEL PISTILLI et al., Defendants, and NEWBRIDGE COVERAGE CORPORATION, Respondent. [791 NYS2d 639]—

In an action, inter alia, for indemnification, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Kitzes, J.), dated June 23, 2003, as granted that branch of the motion of the defendant Newbridge Coverage Corporation which was for summary judgment dismissing the fourth cause of action for indemnification insofar as asserted against it, and dismissed that cause of action.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The infant defendant, Pablo Balbuena, allegedly sustained injuries as a result of exposure to lead paint in an apartment owned by the defendants Michael Pistilli, Joseph Pistilli, and Anthony Pistilli (hereinafter the insureds). In October 1998 Balbuena and his mother commenced a personal injury action entitled *Balbuena v Pistilli,* in the Supreme Court, Queens County, under Index No. 022421/98 (hereinafter the underlying action) against the insureds. By letter dated October 22, 1998, the insureds sent the defendant Newbridge Coverage Corporation (hereinafter Newbridge) a copy of the summons in the underlying action, asking Newbridge to forward it "to all the insurance companies that provided coverage for the [subject property] for the period 1992 and 1993."

The plaintiff, which had issued a commercial general liability policy covering the subject property for the period beginning April 13, 1992, at 12:01 A.M., and ending April 13, 1993, at 12:00 A.M., was not informed of the underlying action until approximately March 25, 2002, when Newbridge sent it a package of information, including a copy of the letter dated October 22, 1998. On or about April 12, 2002, the plaintiff sent the insureds a "reservation of rights" letter stating, inter alia, that based on the delay between the commencement of the underlying action in 1998 and the notice received in 2002, it reserved the right to disclaim coverage.

On or about August 29, 2002, the plaintiff commenced this

action, inter alia, for indemnification against Newbridge. Newbridge moved, among other things, for summary judgment dismissing the fourth cause of action for indemnification on the ground that the plaintiff's failure to disclaim coverage during the approximately five-month period following its notice of the underlying action in March 2002 was unreasonable as a matter of law, and rendered irrelevant any prior alleged wrongdoing on Newbridge's part. The Supreme Court granted that branch of Newbridge's motion and dismissed the fourth cause of action. We affirm.

Insurance Law § 3420 (d) requires an insurer to provide a written disclaimer "as soon as is reasonably possible." Reasonableness of delay is measured from the time when the insurer "has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). The insurer bears the burden of justifying any delay (*id.* at 69). Contrary to the plaintiff's contention, the obligation to provide prompt notice under Insurance Law § 3420 (d) is triggered when the insurer has a reasonable basis upon which to disclaim coverage, and cannot be delayed indefinitely until all issues of fact regarding the insurer's coverage obligations have been resolved. When in doubt, an insurer should issue a prompt disclaimer and then seek a declaratory judgment concerning its duty to defend or indemnify, rather than seeking such a judgment in lieu of issuing a disclaimer, as the plaintiff has done here (*cf. Lang v Hanover Ins. Co.*, 3 NY3d 350, 356 [2004]).

On this record, we find that the plaintiff had a reasonable basis upon which to disclaim coverage in or about March 2002, when it was first informed by Newbridge of the underlying action. Its "reservation of rights" letter, however, issued on or about April 12, 2002, did not constitute an effective disclaimer for purposes of Insurance Law § 3420 (d) (*see e.g. Mohawk Minden Ins. Co. v Ferry*, 251 AD2d 846, 848 [1998]). Thus, the Supreme Court correctly determined, as a matter of law, that the plaintiff failed to comply with Insurance Law § 3420 (d) (*see Mann v Gulf Ins. Co.*, 3 AD3d 554 [2004]; *Mohawk Minden Ins. Co. v Ferry, supra; Nova Cas. Co. v Charbonneau Roofing*, 185 AD2d 490 [1992]). Since the plaintiff's inability to disclaim coverage was due to its own failure to comply with Insurance Law § 3420 (d), irrespective of any alleged wrongdoing on Newbridge's part, the Supreme Court properly dismissed the fourth cause of action. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.