In the Matter of AMERICAN EXPRESS PROPERTY CASUALTY Co., Appellant, v ROBERT VINCI, Respondent, et al., Respondents. [795 NYS2d 329]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered November 26, 2003, as denied that branch of its petition which was for a permanent stay of arbitration on the ground that its insured breached the insurance policy by making material misrepresentations to it, or in the alternative, for a temporary stay of arbitration and a framed issue hearing to determine whether its insured breached the insurance policy by making material misrepresentations to it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Insurance Law § 3420 (d) requires an insurer to provide a written disclaimer "as soon as is reasonably possible." Reasonableness of the delay is measured from the time when the insurer "has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). The insurer bears the burden of justifying any delay (*id.* at 69).

The petitioner acquired "sufficient knowledge of facts entitling it to disclaim" coverage at the examination under oath

of its insured on February 21, 2003. Contrary to the petitioner's contention, "the obligation to provide prompt notice under Insurance Law § 3420 (d) is triggered when the insurer has a reasonable basis upon which to disclaim coverage, and cannot be delayed indefinitely until all issues of fact regarding the insurer's coverage obligations have been resolved" (*Republic Franklin Ins. Co. v Pistilli,* 16 AD3d 477, 479 [2005]). Thus, under the circumstances of this case, the petitioner's failure to disclaim coverage until April 10, 2003, was unreasonable as a matter of law (*see Moore v Ewing,* 9 AD3d 484 [2004]; *Colonial Penn Ins. Co. v Pevzner,* 266 AD2d 391 [1999]).

In view of the foregoing, we need not reach the petitioner's remaining contention. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.