■ BRIGHTON CENTRAL SCHOOL DISTRICT et al., Respondents, v AMERICAN CASUALTY COMPANY OF READING, PA., Appellant, et al., Defendants. [800 NYS2d 415]—

In an action, inter alia, for a judgment declaring that the defendant American Casualty Company of Reading, Pa., is obligated to defend and indemnify the plaintiffs in an action entitled *Tebo v Brighton Central School District*, pending in the Supreme Court, Monroe County, under index No. 1265/03, the defendant American Casualty Company of Reading, Pa., appeals from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered July 2, 2004, as denied its cross motion

for summary judgment and granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action declaring that it is obligated to defend, indemnify, and reimburse the plaintiffs for costs already incurred in the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the appellant is obligated to defend, indemnify, and reimburse the plaintiffs for costs already incurred in the action entitled *Tebo v Brighton Central School District,* pending in the Supreme Court, Monroe County, under index No. 1265/03.

"Pursuant to Insurance Law § 3420 (d), an insurance carrier is required to provide the insured with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion and will be estopped from disclaiming liability or denying coverage if it fails to do so" (*Moore v Ewing,* 9 AD3d 484, 487 [2004] [citations omitted]; *see First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64, 68-69 [2003]; *Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646, 648-649 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185, 188-189 [2000]; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028 [1979]; *Campos v Sarro,* 309 AD2d 888 [2003]; *Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419 [1994]).

A delay of over five months in disclaiming liability was unreasonable as a matter of law (*see Aull v Progressive Cas. Ins. Co.,* 300 AD2d 302 [2002]; *Bernstein v Allstate Ins. Co.,* 199 AD2d 358 [1993], citing *Hartford Ins. Co. v County of Nassau, supra*; *Matter of State Farm Mut. Ins. Co. v Del Pizzo,* 185 AD2d 352 [1992]). We agree with the Supreme Court's determination that, in view of other indicia of the relationship between the plaintiffs and the primary insured, the appellant did not need the written contract to determine that the claim was governed by the exclusion in question. Therefore, the plaintiffs demonstrated, as a matter of law, that the appellant should be estopped from disclaiming liability or denying coverage and is obligated to defend, indemnify, and reimburse the plaintiffs for costs already incurred in the underlying personal injury action. In opposition, the appellant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the cause of action declaring that the appellant is obligated to defend, indemnify, and reimburse the plaintiffs for costs already incurred in the personal injury action, and properly denied the appellant's cross motion for summary judgment.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the appellant is obligated to defend, indemnify, and reimburse the plaintiffs for costs already incurred in the underlying personal injury action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Florio, J.P., Adams, Mastro and Lifson, JJ., concur.