WINIFRED HALLOWAY et al., Respondents, v STATE FARM INSURANCE COMPANIES, Appellant. [805 NYS2d 107]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify Newton S. Osborne in a personal injury action entitled *Halloway v Osborne,* pending in the Supreme Court, Queens County, under index No. 19772/02, the defendant State Farm Mutual Automobile Insurance Company appeals from an order of the Supreme Court, Queens County (Price, J.), dated August 19, 2004, which granted the plaintiffs' motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and, upon searching the record, summary judgment is awarded to the defendant, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify Newton S. Osborne in the personal injury action entitled *Halloway v Osborne,* pending in the Supreme Court, Queens County, under index No. 19772/02.

On November 5, 2001, the plaintiff Winifred Halloway was a passenger in a vehicle owned and operated by Newton S. Osborne which collided with a vehicle owned by Ryder Trucks and operated by Craig McGraw. Osborne was insured by the defendant, State Farm Insurance Companies (hereinafter State Farm), pursuant to a policy which excluded coverage for liability arising out of the ownership and operation of a vehicle while it is being used to carry persons or property for a fee. Halloway and her husband subsequently retained counsel, who notified State Farm of the accident on December 7, 2001. The notice included a copy of the police report pertaining to the accident and stated, inter alia, that immediately after the accident

Osborne allegedly informed Halloway and another unidentified passenger "that there would be 'no charge' for [the] fare." However, the police report and Osborne each indicated that there were no passengers in his vehicle, which prompted State Farm to conduct an investigation. On May 7, 2002, upon the completion of its investigation, State Farm notified the plaintiffs that it was disclaiming coverage for the accident based upon the livery vehicle exclusion.

The plaintiffs subsequently commenced an action to recover damages for personal injuries against Osborne, McGraw, and Ryder Trucks, as well as this action for a judgment declaring that State Farm is obligated to defend and indemnify Osborne in the underlying personal injury action. The Supreme Court granted the plaintiffs' motion for summary judgment in the declaratory judgment action, finding, in effect, that the letter dated December 7, 2001, provided State Farm with sufficient facts to disclaim, and that its delay in disclaiming was therefore unreasonable (*see* Insurance Law § 3420 [d]).

"Pursuant to Insurance Law § 3420 (d), an insurance carrier is required to provide the insured with timely notice of its disclaimer or denial of coverage on the basis of a policy exclusion and will be estopped from disclaiming liability or denying coverage if it fails to do so" (*Brighton Cent. School Dist. v American Cas. Co. of Reading, Pa.*, 19 AD3d 528, 529 [2005], quoting *Moore v Ewing*, 9 AD3d 484, 487 [2004]). The reasonableness of a delay in issuing a disclaimer must be determined from the time the insurer was aware of facts sufficient to disclaim (*see Pawley Interior Contr., Inc. v Harleysville Ins. Cos.*, 11 AD3d 595 [2004]).

Contrary to the conclusion of the Supreme Court, in view of the contradiction between Osborne's alleged statement at the time of the accident as related by the plaintiffs' attorney, and Osborne's subsequent denial that passengers were present and the police report, it was reasonable for State Farm to investigate the incident to determine, inter alia, whether the livery vehicle exclusion applied. Moreover its disclaimer was issued contemporaneously upon the completion of its investigation and, therefore, was timely as a matter of law (*see New York Cent. Mut. Fire Ins. Co. v Majid*, 5 AD3d 447, 448 [2004]; *Matter of Federal Ins. Co. v Provenzano*, 300 AD2d 485 [2002]; *State Farm Mut. Auto. Ins. Co. v Daniels*, 269 AD2d 860, 861 [2000]).

Although the defendant did not cross-move for summary judgment, this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the Supreme

Court (*see* CPLR 3212 [b]; *Osborne v Zornberg*, 16 AD3d 643, 645 [2005]; *Lacy v New York City Hous. Auth.*, 4 AD3d 455, 456 [2004]; *Micciche v Homes by Timbers*, 1 AD3d 326 [2003]). Accordingly, under the circumstances of this case, and in the absence of any triable issue of fact as to the timeliness of the disclaimer and the applicability of the livery vehicle exclusion, summary judgment is awarded to State Farm.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of judgment declaring that State Farm is not obligated to defend and indemnify Osborne in the personal injury action entitled *Halloway v Osborne*, pending in the Supreme Court, Queens County, under Index No. 19772/02 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Adams and Spolzino, JJ., concur.

Fisher, J., dissents and votes to affirm and to remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is obligated to defend and indemnify Newton S. Osborne in a personal injury action entitled *Halloway v Osborne*, pending in the Supreme Court, Queens County, under Index No. 19772/02, with the following memorandum: Because I agree with the Supreme Court that the disclaimer of the defendant, State Farm Insurance Companies (hereinafter State Farm), was untimely as a matter of law, I respectfully dissent.

State Farm issued a policy of insurance covering the subject vehicle, a 1994 Ford van, which was owned by its insured, Newton S. Osborne. It is undisputed that the policy contained an exclusion for liability "arising out of the ownership or operation of [the] vehicle while it is being used to carry persons or property for a fee."

On November 5, 2001, Osborne was operating the van when it was allegedly involved in a collision. State Farm was notified of the accident, not by Osborne, but by an attorney representing the plaintiffs who spoke by telephone to one of State Farm's claim representatives on December 7, 2001. Later that same day, the plaintiffs' attorney wrote a letter to State Farm asserting, inter alia, that the injured plaintiff had been "a passenger in the Osborne van *along with another [unidentified] passenger* [and that, w]hen this accident occurred, [Osborne] told both passengers *to pick up another 'van' and that there would be 'no charge' for this fare*" (emphasis supplied).

Upon receiving the letter, State Farm immediately referred

the matter to Sandra-Dee Davis, a claim specialist in State Farm's bodily injury unit. On January 14, 2002, Davis wrote a letter to the plaintiffs' attorney stating that the injured plaintiff was not listed on the police report. Nearly four months later, on May 7, 2002, State Farm, in a letter to the plaintiffs' attorney, disclaimed coverage on the ground that Osborne "was using his vehicle as a livery vehicle." On May 19, 2002, a disclaimer was also issued to Osborne. The plaintiffs subsequently commenced this action seeking a declaration that State Farm is obligated to defend and indemnify Osborne in their personal injury action against him.

The governing principles here are familiar. In order effectively to deny coverage or disclaim liability for bodily injuries on the basis of a policy exclusion, an insurance carrier must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant" (Insurance Law § 3420-[d]). A failure to give timely notice will estop the insurer from disclaiming liability or denying coverage on the basis of the exclusion (see Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185 [2000]). The timeliness of a disclaimer is measured from the point at which the carrier first learns of facts that give it a reasonable basis upon which to disclaim liability or deny coverage (see Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1056 [1991]; Matter of American Express Prop. Cas. Co. v Vinci, 18 AD3d 655 [2005]; Danna Constr. Corp. v Utica First Ins. Co., 17 AD3d 622 [2005], lv denied 5 NY3d 714 [2005]). "An insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay" (First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 69 [2003]). "Moreover, an insurer's explanation is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (id.; cf. Matter of Firemen's Fund Ins. Co. of Newark v Hopkins, 88 NY2d 836 [1996]). The insurer's obligation to issue a timely disclaimer "cannot be delayed indefinitely until all issues of fact regarding the insurer's coverage obligations have been resolved. When in doubt, an insurer should issue a prompt disclaimer and then seek a declaratory judgment concerning its duty to defend or indemnify" (Republic Franklin Ins. Co. v Pistilli, 16 AD3d 477, 479 [2005]; see Matter of American Express Prop. Cas. Co. v Vinci, supra).

The policy provision at issue here excludes liability "arising out of the ownership or operation of [the] vehicle while it is being used to carry persons or property for a fee." Such an exclusion is valid provided that it is read to be no broader than the

regulatory provision that permits a policy in New York to exclude coverage for a motor vehicle while it is being used "as a public or livery conveyance" (11 NYCRR 60-1.2 [a]; *see United Servs. Auto. Assn. v Reid*, 255 AD2d 990, 991 [1998]).

On this record, I conclude that the plaintiffs established their prima facie entitlement to judgment as a matter of law. They offered evidence that State Farm was notified in early December 2001 of a claim that the subject vehicle was being driven by the insured carrying two passengers when it was involved in an accident, and that, after the accident, the insured "told both passengers to pick up another 'van' and that there would be 'no charge' for this fare." That notice clearly gave State Farm a reasonable basis upon which to conclude that, at the time of the accident, the van was being operated as a livery vehicle, and that therefore the policy exclusion applied. The plaintiffs further established that State Farm delayed for some five months before ultimately denying liability on the sole ground that Osborne "was in direct violation of his policy agreement as he was using his vehicle as a livery vehicle." The burden therefore shifted to State Farm to justify the delay (*see First Fin. Ins. Co. v Jetco Contr. Corp., supra*).

In opposition to the plaintiffs' motion for summary judgment, State Farm failed to raise a triable issue of fact as to whether the five-month delay was justified. Indeed, the only evidence offered by State Farm is the affidavit of Nicole Fox, a claim representative familiar with the matter. Fox explained that State Farm had difficulty in contacting Osborne, who initially claimed, on January 11, 2002, and again on February 7, 2002, that there were no passengers in the vehicle. However, neither Fox's affidavit nor any other evidence produced by State Farm offered any explanation as to why it took five months for State Farm to determine that, at the time of the accident, the van was being used as a livery vehicle, or as to what State Farm learned in the course of its investigation that led it to reach that conclusion. In my view, State Farm's failure to offer an adequate explanation for its five-month delay in issuing a disclaimer after having a reasonable basis to conclude that a policy exclusion applied renders the disclaimer untimely as a matter of law (*see Brighton Cent. School Dist. v American Cas. Co. of Reading, Pa.*, 19 AD3d 528 [2005]). Accordingly, I vote to affirm the order granting summary judgment to the plaintiffs and to remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that State Farm is obligated to defend and indemnify Osborne in the underlying personal injury action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).