■ RAEL AUTOMATIC SPRINKLER COMPANY, INC., Respondent-Appellant, v SCHAEFER AGENCY, Defendant and Third-Party Plaintiff-Respondent-Appellant. UTICA MUTUAL INSURANCE, Third-Party Defendant; GREMESCO OF NEW JERSEY, LLC, Third-Party Defendant-Respondent-Appellant; CLARENDON NATIONAL INSURANCE COMPANY, Third-Party Defendant-Appellant-Respondent. [861 NYS2d 100]—

In an action, inter alia, to recover damages for breach of a contract to procure insurance, the second third-party defendant Clarendon National Insurance Company appeals, as limited by its brief, from so much an order of the Supreme Court, Nassau County (Bucaria, J.), entered November 16, 2006, as denied its motion for summary judgment dismissing the second third-party complaint and, in effect, declaring that it is not obligated to defend and indemnify the plaintiff Rael Automatic Sprinkler Company, Inc., in an underlying action entitled *Matthews v City of New York*, pending in the Supreme Court, New York County, under index No. 111455/02, and granted the cross motion of the defendant third-party plaintiff/second third-party plaintiff Schaefer Agency for summary judgment declaring that Clarendon National Insurance Company is so obligated, and the plaintiff Rael Automatic Sprinkler Company, Inc., the defendant third-party plaintiff/second third-party plaintiff Schaefer Agency, and the third-party defendant Gremesco of New Jersey, LLC, cross-appeal from the order.

Ordered that the cross appeal of the plaintiff Rael Automatic Sprinkler Company, Inc., is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the cross appeals of the defendant third-party plaintiff/second third-party plaintiff Schaefer Agency and the third-party defendant Gremesco of New Jersey, LLC, are dismissed, as they are not aggrieved by the order cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Clarendon National Insurance Company is obligated to defend and indemnify Rael Automatic Sprinkler Company, Inc., in the underlying action; and it is further,

Ordered that one bill of costs is awarded to Schaefer Agency, payable by Clarendon National Insurance Company.

On December 11, 2001 Charles Matthews, an employee of the plaintiff Rael Automatic Sprinkler Company, Inc. (hereinafter Rael), was installing fire sprinklers at the Metropolitan Museum of Art (hereinafter MMA), when he fell off an unsecured wood plank, and sustained personal injuries. At the time, Rael had in effect an insurance policy (hereinafter the policy) issued by Frontier Insurance Company (hereinafter Frontier), which was

then assumed by Clarendon National Insurance Company (hereinafter Clarendon). To procure the policy, Rael used the services of its retail broker, the Schaefer Agency (hereinafter Schaefer), which, in turn, utilized the services of a wholesale broker, Gremesco of New Jersey, LLC (hereinafter Gremesco).

Although Rael had requested blanket contractual liability coverage, the policy contained an exclusion from coverage where the obligation to pay damages arose by the "assumption of liability in a contract or agreement," unless the agreement constituted an "insured contract" (hereinafter the contractual liability exclusion). The policy also excluded coverage for Rael's employees if bodily injury sustained by those employees arose "out of and in the course of employment by the insured" (hereinafter the employer's liability exclusion).

In May 2002 Matthews and his wife commenced an action, inter alia, to recover damages for personal injuries (hereinafter the underlying action). On May 16, 2002 MMA's insurance carrier requested that Rael and its insurance carrier defend and indemnify MMA. On May 22, 2002 Schaefer forwarded MMA's request to North American Risk Services (hereinafter North American), the third-party administrator for Clarendon.

On August 8, 2002 North American, on behalf of Clarendon, informed Rael, the insurers for MMA, and the general contractor for the sprinkler installation project, that it was disclaiming coverage for the defendants named in the underlying action on the ground that those defendants were never added as additional insureds under the policy. On August 16, 2002 North American, on behalf of Clarendon, formally disclaimed coverage, based upon the contractual liability exclusion and the employer's liability exclusion.

The underlying action was settled, with both Rael and Schaefer each contributing the sum of $250,000 to the settlement. Rael commenced the instant action against Schaefer alleging, inter alia, breach of contract for failure to procure insurance. Schaefer commenced a third-party action against Gremesco, among others, and a second third-party action against Clarendon seeking, inter alia, a judgment declaring that Clarendon is obligated to defend and indemnify Rael, on the ground that its disclaimer was untimely.

Clarendon moved for summary judgment dismissing the second third-party complaint and, in effect, declaring that it is not obligated to defend or indemnify Rael in the underlying action. Schaefer cross-moved for summary judgment in its favor on the issue of liability on the second third-party complaint and declaring that Clarendon is so obligated. The Supreme Court

granted Schaefer's cross motion and denied Clarendon's motion, finding that Clarendon is obligated to defend and indemnify Rael in the underlying action. The Supreme Court also awarded summary judgment to Gremesco dismissing the third-party complaint insofar as asserted against it, a provision which does not aggrieve Gremesco. Moreover, since the court failed to rule on that branch of Gremesco's motion which was for summary judgment dismissing Clarendon's cross claims insofar as asserted against it, that branch of the motion remains pending and undecided and is not properly before this Court (*see Katz v Katz,* 68 AD2d 536 [1979]). Accordingly, Gremesco's cross appeal must be dismissed.

Although the cross appeal by Schaefer must be dismissed on the ground that it is not aggrieved by the order cross-appealed from, the contentions raised by Schaefer in support of its argument that Clarendon's disclaimer was invalid can be considered as alternative grounds for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539, 545 [1983]; *Schramm v Cold Spring Harbor Lab.,* 17 AD3d 661, 663 [2005]).

In support of its motion for summary judgment, Clarendon failed to challenge Schaefer's standing to contest the validity of its disclaimer, and therefore the issue is raised for the first time on appeal. Although we thus need not address the issue, the contention that Schaefer lacks standing to contest the validity of Clarendon's disclaimer is nonetheless without merit (*see Colonial Coop. Ins. Co. v Desert Storm Constr. Corp.,* 305 AD2d 363 [2003]; *Macon v Arnlie Realty Co.,* 207 AD2d 268, 270 [1994]).

Since Clarendon's disclaimer was based on policy exclusions, Clarendon was required to provide Rael with timely notice of its disclaimer under Insurance Law § 3420 (d) (*see Markevics v Liberty Mut. Ins. Co.,* 97 NY2d 646, 648-649 [2001]; *City of New York v St. Paul Fire & Mar. Ins. Co.,* 21 AD3d 978, 980-981 [2005]; *474431 Assoc. v AXA Global Risks US Ins. Co.,* 18 AD3d 604, 605 [2005]). In response to a request for interrogatories, Clarendon indicated that it began investigating the grounds for disclaiming coverage as early as March 5, 2002. On May 22, 2002 Clarendon's insurance administrator received a letter from Gulf Insurance Group, requesting that it defend and indemnify MMA. In view of the foregoing, Clarendon's disclaimer in August 2002 was untimely as a matter of law (*see Banuchis v Government Empls. Ins. Co.,* 14 AD3d 581 [2005]; *Moore v Ewing,* 9 AD3d 484, 488 [2004]; *Campos v Sarro,* 309 AD2d 888 [2003]), and it is obligated to defend and indemnify Rael.

The parties' remaining contentions are without merit or need not be addressed in light of our determination.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that Clarendon National Insurance Company is obligated to defend and indemnify Rael Automatic Sprinkler Company, Inc., in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Dillon, McCarthy and Chambers, JJ., concur.