CROCODILE BAR, INC., Doing Business as CROCODILE BAR, Respondent, v DRYDEN MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants. [877 NYS2d 778]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered February 22, 2008 in a declaratory judgment action. The judgment, inter alia, granted the motion of plaintiff for summary judgment declaring that defendant Dryden Mutual Insurance Company is obligated to defend and indemnify plaintiff in three underlying actions.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that defendant Dryden Mutual Insurance Company (Dryden) is obligated to defend and indemnify it in three underlying personal injury actions. Supreme Court properly granted plaintiff's motion for summary judgment with respect to, inter alia, that declaration on the ground that Dryden failed to provide a timely disclaimer of coverage (*see* Insurance Law § 3420 [d]; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-190 [2000]). "[A] timely disclaimer [of coverage] pursuant to Insurance Law § 3420 (d) is required [where, as here,] a claim falls within the coverage terms but is denied

based on a policy exclusion" (*Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648-649 [2001]; *see Worcester*, 95 NY2d at 188-190; *Penn-America Group v Zoobar, Inc.*, 305 AD2d 1116, 1117 [2003], *lv denied* 100 NY2d 511 [2003]). "[O]nce the insurer has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage, it must notify the policyholder in writing as soon as is reasonably possible" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]; *see Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477, 479 [2005]; *Squires v Marini Bldrs.*, 293 AD2d 808, 810 [2002], *lv denied* 99 NY2d 502 [2002]). Here, Dryden's claims adjuster was aware when he received the claim on November 10, 2005 that the claim was excluded from the policy, and Dryden failed to establish that its 62-day delay was "reasonably related to the completion of a necessary, thorough, and diligent investigation" (*Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d 661, 662 [2007]; *see First Fin. Ins. Co.*, 1 NY3d at 70; *Morath v New York Cent. Mut. Fire Ins. Co.*, 49 AD3d 1245 [2008]). Present—Hurlbutt, J.P., Martoche, Peradotto and Gorski, JJ.