In an action for a judgment declaring that the defendant is obligated to indemnify the plaintiff Brian Finneran in an underlying personal injury action entitled Hippolite v State Bancorp., Inc., pending in the Supreme Court, Queens County, under index No. 5174/08, and that a policy of insurance issued by the plaintiff Utica Mutual Insurance Company is excess to the policy issued by the defendant, the defendant appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered January 20, 2011, which granted the plaintiffs’ motion for summary judgment declaring that the defendant is obligated to indemnify the plaintiff Brian Finneran in the underlying action, and that a policy of insurance issued by the plaintiff Utica Mutual Insurance Company is excess to the policy issued by the defendant.
*503 Ordered that the order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is obligated to indemnify the plaintiff Brian Finneran in the underlying action, and that the policy of insurance issued by the plaintiff Utica Mutual Insurance Company is excess to the policy issued by the defendant.
Pursuant to Insurance Law § 3420 (d) (2), an insurer seeking to deny coverage of a claim involving death or bodily injury must give written notice “as soon as is reasonably possible.” “A disclaimer is unnecessary when a claim does not fall within the coverage terms of an insurance policy” (Markevics v Liberty Mut. Ins. Co., 97 NY2d 646, 648 [2001]). “Conversely, a timely disclaimer pursuant to Insurance Law § 3420 (d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion” (id. at 648-649). Here, the defendant, Government Employees Insurance Company (hereinafter GEICO), sought to disclaim coverage under the “business pursuits” provision of its policy, which “constitutes an exclusion [from coverage] rather than a limitation of coverage” (Matter of Transportation Ins. Cos. v Sellitto, 267 AD2d 462, 463 [1999]; see City of New York v St. Paul Fire & Mar. Ins. Co., 21 AD3d 978, 981 [2005]). Accordingly, the Supreme Court properly determined that GEICO was under a duty to disclaim coverage in a timely manner.
Further, under the circumstances of this case, GEICO’s disclaimer, issued approximately 21 months after it received notice of the accident from its insured, was not issued as soon as was reasonably possible (see Matter of American Express Prop. Cas. Co. v Vinci, 18 AD3d 655, 656 [2005]; Moore v Ewing, 9 AD3d 484, 488 [2004]; Matter of Colonial Penn Ins. Co. v Pevzner, 266 AD2d 391 [1999]), and therefore GEICO is not entitled to rely on the “business pursuits” exclusion of its policy.
We also agree with the Supreme Court’s determination that an umbrella policy of insurance issued by the plaintiff Utica Mutual Insurance Company (hereinafter Utica) is excess to the GEICO umbrella policy at issue in this matter. “[A]n insurance policy which purports to be excess coverage but contemplates contribution with other excess policies or does not by the language used negate that possibility must contribute ratably with a similar policy, but must be exhausted before a policy which expressly negates contribution with other carriers, or otherwise manifests that it is intended to be excess over other excess policies” (State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369, 375-376 [1985]; see Stout v 1 E. 66th St. Corp., 90 AD3d 898 [2011]). Here, the GEICO policy states that it is *504 “excess over any insurance,” without any reference to contribution, whereas the Utica policy states that it “is excess over, and shall not contribute with any of the other insurance, whether primary, excess, contingent or on any other basis.” Accordingly, since the Utica policy expressly negates contribution and the GEICO policy does not, the Supreme Court properly determined that the GEICO policy must be exhausted first (see State Farm Fire & Cas. Co. v LiMauro, 65 NY2d at 375-376; Vassar Coll. v Diamond State Ins. Co., 84 AD3d 942, 945 [2011]).
GEICO’s contentions regarding a policy of insurance allegedly written by the nonparty Ohio Casualty Insurance Company (hereinafter Ohio Casualty) are not properly raised in this action, as the complaint only sought declaratory relief relating to the policies issued by GEICO and Utica, and Ohio Casualty was never made a party to this action. We therefore decline to address them.
GEICO’s remaining contention is academic in light of our determination that its disclaimer was untimely.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that GEICO is obligated to indemnify the plaintiff Brian Finneran in the underlying action, and that the policy of insurance issued by Utica is excess to the policy issued by GEICO (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.